UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMOUNT AEROSPACE INC.<br>            Plaintiff,<br><br>vs.<br><br>WEED INSTRUMENT COMPANY, INC.<br>HARCO LABORATORIES, INC.<br>            Defendants, | )<br>)<br>) Civil Action No. 3:03CV0444(AWT)<br>)<br>)<br>)<br>)<br>)<br>) November 25, 2003<br>) |

### MEMORANDUM OF LAW IN SUPPORT OF ROSEMOUNT AEROSPACE INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

#### I.    INTRODUCTION

Plaintiff Rosemount Aerospace Inc. ("Rosemount Aerospace") seeks leave to amend its Complaint for three reasons.  One, Rosemount Aerospace seeks to delete the count for breach of contract against Weed Instrument Company, Inc. ("Weed") in view of its settlement with Weed.  Two, Rosemount Aerospace seeks to add claims against Harco Laboratories, Inc. ("Harco") for violation of the Connecticut Uniform Trade Secrets Act and the Connecticut Unfair Trade Practices Act and allege additional support for its existing claims in view of information supporting those claims provided by Weed.  Third, Rosemount Aerospace seeks to add a claim for breach of contract against a new defendant, Harco employee Brad Powell ("Powell"), in view of a contract Powell signed with Weed that Weed has provided to Rosemount.  Pursuant to Federal Rule of Civil Procedure 15(a), "leave shall be freely given when justice so requires."  The motion is timely and meritorious.  Harco has been contacted for its consent and offered no grounds to object to the motion.

1

## II.   PROCEDURAL BACKGROUND

Rosemount Aerospace filed its Complaint on March 13, 2003, and service was accomplished on Harco and Weed on July 10, 2003.  On August 26, 2003, Rosemount Aerospace and Weed entered into a settlement agreement, and Weed was dismissed from the case on September 17, 2003.  Harco answered Rosemount Aerospace's Complaint on August 27, 2003.  Rosemount Aerospace and Harco met and conferred pursuant to Federal Rule of Civil Procedure 26(f) on September 19, 2003.  The scheduling order provides that motions to amend should be filed by November 17, 2003, which has been extended to November 25, 2003, by agreement of the parties.

This motion for leave to amend is brought early in the case, prompted by Weed's production of information showing that its former employees Powell and Glenn Beatty ("Beatty") signed non-compete contracts with Weed that precluded them from taking or divulging confidential Weed information, and that John Labaj ("Labaj"), another Weed employee who assisted Powell and Harco, understood that he had a duty to protect confidential information.  (See Exhibits A, B.)  Rosemount Aerospace's investigation of Weed further revealed that Harco paid Labaj over $9,000 for nine days of training regarding production techniques while Labaj was on vacation from Weed, thereby divulging confidential, competitive information to Harco.  Rosemount Aerospace has also learned information indicating that Powell took and retained confidential information from Weed for the benefit of Harco, in breach of his contractual and other duties.

### III.     FACTUAL BACKGROUND

Rosemount Aerospace purchased Weed's Aerospace Division on December 5, 1994, and acquired trade secret and proprietary information regarding Weed's total air temperature sensors. The purchase agreement included a non-competition covenant, as well as provisions relating to the non-use and non-disclosure of certain confidential information by Weed. Rosemount Aerospace's original Complaint alleged that Harco induced Weed to breach its contract with Rosemount Aerospace. Rosemount Aerospace recently learned additional facts relevant to that inducement, which expand that claim and foster additional claims, including a claim against Powell for breach of contract.

Powell worked for Weed at the time Rosemount Aerospace acquired Weed's Aerospace Division. Rosemount Aerospace recently learned Powell signed a document titled, "Employee Agreement Relating to Trade Secrets and Non-Competition" when he first joined Weed as an employee in 1991. (Ex. A) This agreement prohibited Powell from disclosing confidential information or retaining any reproductions, copies, blueprints, or models owned by Weed. Powell had access to Weed's total air temperature sensors and was knowledgeable about the skills possessed by other Weed employees relating to the design, assembly and/or manufacture of Weed's total air temperature sensors.

Newly developed facts indicate that when Powell left his employment with Weed, he failed to surrender to Weed certain materials, including a total air temperature sensor manufactured by and owned by Weed. Powell apparently provided to Harco a total air temperature sensor manufactured by Weed as well as trade secrets and confidential information subject to the provisions of Powell's employment agreement.

While investigating its claim against Harco, Rosemount Aerospace obtained Glenn Beatty's employment agreement, which was similar to Powell's employment agreement, in that it prohibited him from disclosing confidential Weed information. (Ex. B.) In spite of Powell's own agreement with Weed, Beatty's agreement with Weed, and Beatty and Labaj's employment at Weed, Powell solicited Beatty and Labaj in the design, development, creation, testing, assembly, and manufacture of aerospace products. Moreover, the facts show that Labaj provided training at Harco's facilities to Harco's employees for nine consecutive days in 2001 concerning brazing techniques to manufacture total air temperature sensors, such techniques having been previously developed by Weed and sold to Rosemount Aerospace.

These newly discovered facts are related to the claims alleged in Rosemount Aerospace's initial Complaint. Rosemount Aerospace requests that it be allowed to amend its Complaint to incorporate the new facts and add claims associated with those facts. A copy of Rosemount Aerospace's First Amended Complaint is attached as Exhibit C.

### IV.   ARGUMENT

Leave to amend a complaint shall be "freely given when justice so requires." See Conntect, Inc. v. Turbotect, Ltd., No. 3:97cv784 (AHN), 1998 U.S. Dist. LEXIS 2354, *5 (D. Conn. February 23, 1998) (granting motion for leave to amend complaint)[1]; Fed. R. Civ. P. 15(a).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to that opposing party by virtue of an allowance of the amendment, futility of amendment, etc. -- the leave sough should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).

---

[1] For the Court's convenience, copies of unreported cases are attached hereto as Exhibit D.

"The phrase contained in Rule 15(a) -- that leave to amend pleadings is to be 'freely given when justice so requires' -- is to be broadly construed to comport with the general policy of the Federal Rules to permit and encourage disposition of litigation on the merits." Wells v. Harris, 185 F.R.D. 128, 131 (D. Conn. 1999). When the proposed amendment seeks to augment the theories upon which a plaintiff's original claim is based, a motion to amend the pleadings should be granted. Applied Data Processing, Inc. v. Burroughs Corp., 58 F.R.D. 149, 150 (D. Conn. 1973). "A defendant is not prejudiced by an amendment adding allegations of further wrongful conduct by the defendant against the background of many similar allegations." Wells, 185 F.R.D. at 132. The addition of a party is treated under the same standard as amendment of pleadings. FTD Corp. v. Bankers Trust Company, 954 F. Supp. 106 (S.D.N.Y. 1997); Murray v. State Farm Fire and Casualty, 870 F. Supp. 123 (W. Va. 1992).

Rosemount Aerospace first learned of the additional facts after the Complaint was filed and after service of Defendants' Answer, following receipt of the non-compete agreements between Weed, on the one hand, and Powell and Beatty on the other. The additional claims against Harco and the new claim against Powell arise out of the same factual nucleus set forth in Rosemount Aerospace's original Complaint. In fact, Rosemount Aerospace learned of the new facts while interviewing witnesses for this case. Those same witnesses will be used for both the original claim and the new claims. The amendment merely seeks to augment the theories upon which Rosemount Aerospace's original claim is based. As such, the Court should freely grant the leave to amend.

Moreover, none of the Foman exceptions for granting leave apply in this case. Those exceptions include 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure

deficiencies by amendments previously allowed, 4) undue prejudice to the opposing party, and 5) futility of amendment.  Foman, 371 U.S. at 182.

There is no undue delay between Rosemount Aerospace's initial Complaint and the Amended Complaint sought herein.  Harco answered Rosemount Aerospace's Complaint at the end of August, less than three months ago.  Discovery has only recently opened on September 19, 2003.  Moreover, this motion is filed prior to November 25, 2003, the extended deadline agreed to by the parties to file amended pleadings.

Amendment of the Complaint is not being done in bad faith or with dilatory motive.  The amendment sought is to bring the Complaint in line with the facts and include the parties and claims relevant to those newly discovered facts.  Moreover, Rosemount Aerospace has previously filed only the original Complaint.

There is no undue prejudice to Harco by virtue of allowance of the Amended Complaint. Initial disclosures were exchanged on November 17, 2003, just over one week ago.  Discovery will not close until June 1, 2004.  No depositions have occurred.  There is ample time for Harco and Powell to take discovery in the case.  Judicial economy dictates that the related counts for violation of the Connecticut Uniform Trade Secrets Act and the Connecticut Unfair Trade Practices Act against Harco and the breach of contract claim against Powell be added to this action.  There is no legitimate reason to have two separate suits regarding these claims.

Finally, the proposed amendment is not futile.  "Leave to amend should only be denied on futility grounds when the proposed amendment fails for procedural or substantive reasons." Conntect, 1998 U.S. Dist. LEXIS 2354 at *5.  There are no grounds supporting a denial on procedural or substantive reasons.  Moreover, the newly alleged claims are supported by information including signed contracts.  These documents, along with the proof that Harco hired

6

Powell, Beatty and Labaj to help design, develop, and make aerospace products, show the legitimacy of Rosemount Aerospace's claims.

## V.   CONCLUSION

For the reasons set forth above, Rosemount Aerospace's motion seeking leave to amend it's Complaint adding Brad Powell as a defendant, deleting the claim against Weed Instrument Company, Inc. and adding additional claims against Harco Laboratories, Inc. and Brad Powell should be granted.

PLAINTIFF, ROSEMOUNT AEROSPACE INC.

By_____
James Mahanna (ct24681)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
telephone: (860) 275-0100
facsimile: (860) 275-0343

Daniel W. McDonald (ct23281)
William D. Schultz (ct25198)
Merchant & Gould, P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
telephone: (612) 332-5300
facsimile: (612) 332-9081

Its Attorneys

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was mailed, first class mail postage prepaid, on this 25th day of November 2003 to:

David S. Poppick (ct13202)
Jonathan M. Plissner (ct23773)
Epstein, Becker & Green, P.C.
One Landmark Square, 18th Fl
Stamford, CT  06901

                                               _____
                                                 James Mahanna