# EXHIBIT A

# Weed Instrument Company, Inc.

## EMPLOYEE AGREEMENT RELATING TO
## TRADE SECRETS AND NON-COMPETITION

IN CONSIDERATION OF EMPLOYMENT OR CONTINUED EMPLOYMENT OF EMPLOYEE BY WEED INSTRUMENT COMPANY, INCORPORATED, or its assigns (hereinafter called WEED), in a capacity which makes available to EMPLOYEE confidential information concerning the technology, trade secrets and know-how on which WEED'S business depends, it is hereby agreed as follows:

1.  EMPLOYEE agrees to promptly disclose in writing and does hereby assign all ideas, concepts, processes, discoveries, improvements, and inventions made by EMPLOYEE alone or jointly with others in the course of such employment or within one year of the termination of such employment, which relate to the business of WEED (hereinafter "Information"), and agrees to cooperate fully in any such action or actions reasonably required to protect the rights of WEED in all countries of the world with respect to any such information. It is recognized that the confidential information acquired by EMPLOYEE in connection with such employment is to remain confidential and is not to be used, copied, or divulged, or caused or permitted to be used, copied, or divulged except when authorized in writing by WEED. This obligation shall continue so long as such information remains legally protectable as to persons receiving it in a confidential relationship.

2.  EMPLOYEE hereby assigns to WEED, free from any obligation to EMPLOYEE, all EMPLOYEE's rights, titles, and interests in all patents, patent applications, the subject matter of all "active invention disclosures", goodwill, records, secret processes, trade secrets, proprietary and technical data, copyrights, service marks and applications therefore, franchises, technical assistance agreements, engineering consulting agreements, license agreements, and all rights in all intellectual property of every kind, including but not limited to, trademarks, trade names, trademark registrations and applications for trademark, and all other inventions, discoveries, rights, trademarks, and trade names which may be acquired with respect to or resulting from said Information.

3.  In order to establish their status, EMPLOYEE has attached hereto as Exhibit A all EMPLOYEE's present ideas; concepts, processes, improvements, and inventions which EMPLOYEE has made or conceived prior to EMPLOYEE's employment with WEED, which have not yet been patented or covered by pending applications for patent, and which EMPLOYEE wishes to exclude from this Agreement. As to the disclosure on Exhibit A, WEED hereby agrees to keep such matters in confidence and disclaims any ownership rights therein.

4.  EMPLOYEE agrees that during the term of this Agreement and for a period of three years (36 months) immediately following the expiration or termination of such employment for any reason, including, without limitation, termination by mutual agreement, EMPLOYEE will not at any time for himself or on behalf of any other person, firm, partnership, or corporation, either directly or indirectly, create, design, market, sell, or manufacture any products that are in competition with products manufactured, designed, sold, or assembled by WEED.

5.  EMPLOYEE agrees that upon termination of employment for whatever reason, EMPLOYEE will surrender to WEED all sales (including customer and prospect lists), marketing, research, engineering, financial, management and other records, prints, drawings, papers, objects, and parts thereof, pertaining to any phase of the business of WEED, and that EMPLOYEE will not take or retain any reproductions, copies, blueprints, or models thereof.

6.  EMPLOYEE agrees that EMPLOYEE shall not become commercially employed in competition with WEED's business interest during EMPLOYEE's employment with WEED.

7.  EMPLOYEE agrees that, for a period of two years beginning upon termination of employment with WEED, EMPLOYEE shall not employ, recruit, or cause to be recruited any person who shall have been in the employ of WEED within twelve (12) months before such termination.

8.  EMPLOYEE agrees that during his employment with WEED and for a period of two years thereafter beginning on termination of employment with WEED, EMPLOYEE shall not make any commercial use of any special equipment and/or techniques which have been developed by or for WEED, unless in a non-competitive business.

9. EMPLOYEE agrees that, for a period of two years beginning upon termination of employment with WEED, EMPLOYEE shall not, for the purpose of diverting business from WEED in any area in which EMPLOYEE may have been engaged, deal with customers of WEED.

10. This Agreement will be governed by and construed in accordance with the laws of the State of Texas, and the obligations of the parties hereunder shall be performable in Williamson County, Texas.

11. It is understood and agreed that EMPLOYEE's continuance in the employ of WEED is not hereby made obligatory upon either WEED or EMPLOYEE.

12. This Agreement shall inure to the benefit of and be binding upon the heirs, personal representatives, successors, and assigns of the parties hereto, including, but not limited to, affiliates, divisions, or subsidiaries of WEED by which EMPLOYEE may be employed from time to time.

13. In the event of any breach or threatened breach of this Agreement, WEED shall be entitled to an injunction restraining EMPLOYEE from continuing or committing any breach in addition to any other rights or remedies which WEED may have in law or equity.

14. In the event that any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement, but such provision shall be deemed deleted, and such deletion shall not affect the validity of other provisions of this Agreement. In addition, if any one or more of the provisions of this Agreement shall for any reason be held to be excessively broad with regard to time, duration, or geographical scope or activity, such provision shall be construed in a manner to enable it to enforce to the maximum extent compatible with applicable law.

BRAD POWELL
EMPLOYEE (Print or Type)

_9 OCTOBER 1991_
Date

_Brad Powell_
Signature of EMPLOYEE

WEED INSTRUMENT COMPANY, INC.

_Oct 14, '91_
Date

By _[signature]_

R-8/90 MWP

# EXHIBIT B

EMPLOYEE AGREEMENT RELATING TO
TRADE SECRETS AND NON-COMPETITION

IN CONSIDERATION OF EMPLOYMENT OR CONTINUED EMPLOYMENT OF EMPLOYEE by WEED INSTRUMENT COMPANY, INCORPORATED, or its assigns (hereinafter called WEED), in a capacity which makes available to EMPLOYEE confidential information concerning the technology, trade secrets and know-how on which WEED'S business depends, it is hereby agreed as follows:

1. EMPLOYEE agrees to promptly disclose in writing and does hereby assign all ideas, concepts, processes, discoveries, improvements and inventions, made by EMPLOYEE alone or jointly with others in the course of such employment or within one year of the termination of such employment, which relate to the business of WEED (hereinafter "Information"), and agrees to cooperate fully in any such action or actions reasonably required to protect the rights of WEED in all countries of the world with respect to any such information. It is recognized that the confidential information acquired by EMPLOYEE in connection with such employment is to remain confidential and is not to be used, copied, or divulged, or caused or permitted to be used, copied, or divulged except when authorized in writing by WEED. This obligation shall continue so long as such information remains legally protectable as to persons receiving it in a confidential relationship.

2. EMPLOYEE hereby assigns to WEED, free from any obligation to EMPLOYEE, all EMPLOYEE'S rights, titles, and interests in all patents, patent applications, the subject matter of all "active invention disclosures," goodwill, records, secret processes, trade secrets, proprietary and technical data, copyrights, service marks and applications therefore, franchises, technical assistance agreements, engineering consulting agreements, license agreements, and all rights in all intellectual property of every kind, including but not limited to trademarks, trade names, trademark registrations, and applications for trademark, and all other inventions, discoveries, rights, trademarks, and trade names which may be acquired with respect to or resulting from said Information.

3. In order to establish their status, EMPLOYEE has attached hereto as Exhibit A all EMPLOYEE'S present ideas, concepts, processes, improvements, and inventions which EMPLOYEE has made or conceived prior to EMPLOYEE'S employment with WEED, which have not yet been patented or covered by pending applications for patent, and which EMPLOYEE wishes to exclude from this Agreement. As to the disclosures on Exhibit A, WEED hereby agrees to keep such matters in confidence and disclaims any ownership rights therein.

4. EMPLOYEE agrees that upon termination of employment for whatever reason, EMPLOYEE will surrender to WEED all sales (including customer and prospect lists), marketing, research, engineering, financial, management and other records, prints, drawings, papers, objects, and parts thereof, pertaining to any phase of the business of WEED, and that EMPLOYEE will not take or retain any reproductions, copies, blueprints or models thereof.

5. EMPLOYEE agrees that EMPLOYEE shall not become commercially employed in competition with WEED'S business interest during EMPLOYEE'S employment with WEED.

6. EMPLOYEE agrees that, for a period of two years beginning upon termination of employment with WEED, EMPLOYEE shall not employ, recruit, or cause to be recruited any person who shall have been in the employ of WEED within twelve (12) months before such termination.

7. EMPLOYEE agrees that during his employment with WEED and for a period of two years thereafter beginning on termination of employment with WEED, EMPLOYEE shall not make any commercial use of any special equipment and/or techniques which have been developed by or for WEED, unless in a non-competitive business.

8. EMPLOYEE agrees that, for a period of two years beginning upon termination of employment with WEED, EMPLOYEE shall not, for the purpose of diverting business from WEED in any area in which EMPLOYEE may have been engaged, deal with customers of WEED.

9. This agreement will be governed by and construed in accordance with the laws of the State of Texas, and the obligations of the parties hereunder shall be performable in Williamson County, Texas.

10. It is understood and agreed that EMPLOYEE'S continuance in the employ of WEED is not hereby made obligatory upon either WEED or EMPLOYEE.

11. This Agreement shall inure to the benefit of and be binding upon the heirs, personal representative, successors and assigns of the parties hereto, including, but not limited to, affiliates, divisions, or subsidiaries of WEED by which EMPLOYEE may be employed from time to time.

12. In the event of any breach or threatened breach of this Agreement, WEED shall be entitled to an injunction restraining EMPLOYEE from continuing or committing any breach in addition to any other rights or remedies which WEED may have in law or equity.

13. In the event that any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement, but such provision shall be deemed deleted, and such deletion shall not affect the validity of other provisions of this Agreement. In addition, if any one or more of the provisions of this Agreement shall for any reason be held to be excessively broad with regard to time, duration, or geographical scope or activity, such provision shall be construed in a manner to enable it to enforce to the maximum extent compatible with applicable law.

_Glenn E. Beatty_
EMPLOYEE (Print or Type)

_8/6/90_
Date

_[signature]_
Signature of EMPLOYEE

WEED INSTRUMENT COMPANY, INC.

_8/13/90_
Date

By _[signature]_

R - 9/86 WP