FILED

2003 DEC 15 P 2: 58

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSEMOUNT AEROSPACE INC.,          :

           Plaintiff,          :     Civil Action No. 303CV0444 AWT

    vs.                           :

WEED INSTRUMENT COMPANY, INC., :
and HARCO LABORATORIES, INC.,      :

           Defendants.          :     DECEMBER 12, 2003

### DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure (26)(b) and 26(c), Defendant Harco Laboratories, Inc. ("Harco") respectfully moves for entry of a Protective Order with respect to the Notice of Request to Permit Entry For Inspection ("Inspection Request") served by Plaintiff Rosemount Aerospace, Inc. ("Rosemount"). The Protective Order should be granted because:

(a)    The discovery sought is obtainable from other sources that are more convenient, less burdensome and less expensive;

(b)    the burden and expense of an on-site inspection outweighs its likely benefit, since the discovery is obtainable from other sources;

ST:27344v1

(c) the purpose for the Inspection Request is to observe the assembly and brazing of total air temperature ("TAT") sensors, however, Harco is not assembling or brazing TAT sensors now; and

(d) Harco is awaiting this Court's determination of a contempt motion against Rosemount in another case between these parties that may result in the dismissal of this case, rendering the Inspection Request moot.

**Background**

1. In brief, Rosemount's proposed First Amended Complaint alleges that Rosemount purchased an aerospace division of Weed Instrument Company, Inc. ("Weed") on January 3, 1995, and in that regard, Rosemount purchased a variety of Weed's products, including TAT sensors. According to Rosemount, the purchase agreement with Weed included a non-competition covenant and provisions of non-use and non-disclosure of certain information by Weed. (Proposed Amended Complaint, ¶¶ 6-8.)[1]

2. Proposed Defendant Brad Powell ("Powell") worked for Weed when Rosemount purchased the Weed products. Powell left Weed and was employed by another company, but was later hired by Harco in 1998. According to Rosemount, Powell provided Harco with Weed's trade secrets and confidential information concerning TAT sensors after he joined Harco, and he allegedly solicited the assistance of other Weed employees from 1999 to 2002 to

---

[1] Rosemount initially commenced this action against Weed and Harco. Rosemount has since settled with Weed and enlisted Weed's cooperation. Rosemount recently served a motion for leave to file an Amended Complaint against Harco and one of its employees, Brad Powell.

assist in developing and manufacturing the TAT sensor. Accordingly, Rosemount's proposed Amended Complaint asserts counts against Harco for tortious interference with contractual relations, violation of the Connecticut Uniform Trade Secrets Act, and violation of the Connecticut Unfair Trade Practices Act. Rosemount also asserts a breach of contract count against Powell, alleging that Powell breached a trade secret and non-competition agreement that he signed with Weed in 1991, by virtue of his conduct. (Proposed Amended Complaint, ¶¶ 24-50.) Defendants deny the material allegations of the Amended Complaint.

3.   This is the second litigation between Rosemount and Harco before this Court arising out of Rosemount's purchase agreement with Weed and the TAT sensor. In Harco Laboratories, Inc. v. Goodrich Corporation, No. 3:01CV1277 (AWT), Harco alleges that the trademark obtained by Goodrich Corporation and Rosemount for the TAT sensor is invalid (the "Trademark Case"). In the Trademark Case, Harco's motion for summary judgment is sub judice. Harco also moved for contempt against the plaintiffs and contends that the commencement of this action violated the Protective Order in the Trademark Case. Harco's motion was initially denied by the Magistrate Judge, however, Harco filed an Objection to the Magistrate's Ruling in August 2003, and that too is sub judice. Therefore, determination of the contempt motion in favor of Harco in the Trademark Case may resolve this case, and render the Inspection Request moot.

**The Protective Order Sought**

4. Rosemount's Inspection Request (Exhibit A) requests that Harco:

> make available for inspection its manufacturing facilities and operations used in the assembly and brazing processes for total air temperature sensors .... This request to inspect may include inspecting, photographing, measuring and operating the machines and/or observing the operations in use. Appropriate personnel must be available to operate or assist with operating any computers, machinery or brazing equipment used in the process of assembling or brazing total air temperature sensors.

5. Documents produced by the parties in the Trademark Case largely overlap the document production in this case. In that regard, the production already made in the Trademark Case and any additional documents to be produced in this case obviate the need for Rosemount to conduct the Inspection Request. The Inspection Request should be denied and a Protective Order granted for essentially two reasons.

6. First, Harco has produced or will produce all manufacturing instructions, procedures, drawings, schematics and other documents that provide everything there is to explain about the assembly and brazing processes for the TAT sensor. There is nothing that Rosemount will discover by an on-site inspection that cannot be discovered by virtue of its examination of the documents.

7. Second, Harco is not assembling or brazing the TAT sensor, and it has no contracts to do so now. It would be unduly and unnecessarily expensive and burdensome for Harco to be required to conduct a mock assembly and brazing of the TAT sensor solely for

Rosemount. It would interrupt the manufacturing of other products and require relocating and assigning personnel who would have to work overtime for the mock demonstration because there are other orders that must be completed. The TAT sensor would then sit in inventory, resulting in carrying costs for Harco. Moreover, Rosemount would have the opportunity to see trade secret or other confidential and proprietary products at Harco that have nothing to do with this case.

8. For these reasons, Harco's Motion For a Protective Order should be granted. A Memorandum of Law and Affidavit of Richard Hoyt are submitted herewith.

**EPSTEIN BECKER & GREEN, P.C.**

By /s/ David S. Poppick
David S. Poppick, Esq. (#13202)
Attorneys for Defendant
HARCO LABORATORIES, INC.
One Landmark Square, 18th Floor
Stamford, CT 06901
(203) 348-3737
        and
WISE & WISE
Robert B. Wise, Esq.
Attorneys for Defendant
HARCO LABORATORIES, INC.
1100 Summer Street
Stamford, CT 06905
(203) 359-8877

ST:27344v1                5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |
|---|---|
| ROSEMOUNT AEROSPACE INC.<br>Plaintiff,<br><br>vs.<br><br>WEED INSTRUMENT COMPANY, INC.<br>HARCO LABORATORIES, INC.<br>Defendants, | Civil Action No. 3:03CV0444(AWT) |

### NOTICE OF REQUEST TO PERMIT ENTRY FOR INSPECTION

To:   David Poppick (ct13202)
      Epstein, Becker & Green, P.C.
      One Landmark Square, 18th Floor
      Stamford, CT 06901
      (203) 348-3737

PLEASE TAKE NOTICE that in accordance with the provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Rosemount Aerospace Inc. requests that Defendant Harco Laboratories, Inc. make available for inspection its manufacturing facilities and operations used in the assembly and brazing processes for total air temperature sensors.

The inspection is to take place at Defendant's property in Brandford, Connecticut, at such time as mutually agreed upon by counsel, but not later than January 9, 2004. This request to inspect may include inspecting, photographing, measuring and operating the machines and/or observing the operations in use. Appropriate personnel must be

available to operate or assist with operating any computers, machinery or brazing equipment used in the process of assembling or brazing total air temperature sensors.

The inspection shall continue from day to day until completed.

Dated: November 14, 2003

**ROSEMOUNT AEROSPACE INC.**

By its attorneys,

By _____

Daniel W. McDonald (ct23281)
William D. Schultz (ct25198)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Ph. (612) 332-5300
Fx. (612) 332-9081

James Mahanna (ct24681)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Telephone: (860) 275-0100
Facsimile: (860) 275-0343

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMOUNT AEROSPACE INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>WEED INSTRUMENT COMPANY, INC.,<br>and HARCO LABORATORIES, INC., and<br><br>    Defendants. | Civil Action No. 3:03CV0444(AWT) |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of Notice of Request to Permit Entry for Inspection and Certificate of Service was mailed, via U.S. Mail, postage prepaid, on this 14th day of November 2003, to:

David S. Poppick, Esq.
Jonathan Plissner, Esq.
Epstein Becker & Green, P.C.
One Landmark Square, 18th Floor
Stamford, CT 06901

                                                  */s/ Brenda E. Snyder*
                                                  Brenda E. Snyder