UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSEMOUNT AEROSPACE INC.,           :

               Plaintiff,    :    Civil Action No. 303CV0444

      vs.                  :

WEED INSTRUMENT COMPANY, INC., :
and HARCO LABORATORIES, INC.,       :

              Defendants.   :    DECEMBER 12, 2003

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

Defendant Harco Laboratories, Inc. ("Harco") submits this Memorandum of Law in Support of its Motion For a Protective Order, pursuant to Federal Rules of Civil Procedure 26(b) and 26(c), denying Plaintiff Rosemount Aerospace, Inc. ("Rosemount") from proceeding with its Request to Permit Entry for Inspection in this action.

The underlying facts are set forth in Harco's accompany Motion For A Protective Order and the Affidavit of Richard Hoyt. Harco's motion should be granted for the reasons set forth below. In brief, the Protective Order should be granted because:

(a)    The discovery sought is obtainable from other sources that are more convenient, less burdensome and less expensive;

ST:27346v1

(b)  the burden and expense of an on-site inspection outweighs its likely benefit, since the discovery is obtainable from other sources;

(c)  the purpose for the Inspection Request is to observe the assembly and brazing of total air temperature ("TAT") sensors, however, Harco is not assembling or brazing TAT sensors now; and

(d)  Harco is awaiting this Court's determination of a contempt motion against Rosemount in another case between these parties that may result in the dismissal of this case, rendering the Inspection Request moot.

## Argument

The right of a party under Federal Rule of Civil Procedure 34 to inspect and test is not unlimited. Courts deny such inspections to protect a party from undue burden or expense created by the inspection. Courts scrutinize the problems to ensure that the anticipated benefits are real and necessary, and deny the inspection where there are not real and necessary benefits. Belcher v. Bassett Furniture Industries, Inc., 588 F.2d 904, 908 (4th Circuit 1978); Micro Chemical, Inc. v. Lextron, Inc., 193 F.R.D. 667 (D. Colo. 2000). Inspections are denied where the desired information may be acquired through other discovery techniques. Struthers Scientific and International Corporation v. General Foods Corporation, (D. Texas 1968). Also, courts deny inspections where highly confidential commercial information might be disclosed that would cause significant harm, and there exists good cause for invoking the court's protection. Slater

Steel, Inc. v. Vac-Air Alloys Corporation, 107 F.R.D. 246 (W.D.N.Y. 1985). These same rules apply here.

Everything that Rosemount seeks to discover about the assembly and brazing of the TAT sensor is set forth in the manufacturing instructions, drawings and other documents already produced by Harco, or that will be produced in discovery. Moreover, Harco is not assembling or brazing the TAT sensor and has no contracts to do so now. It would be unduly burdensome and expensive for it to conduct a mock assembly and brazing of the TAT sensor solely for discovery in this case, particularly since the information is otherwise available in the documents produced. It would cost Harco thousands of dollars in production, overtime and carrying costs to conduct the mock assembly, and it would disrupt the present production of other products unrelated to the TAT sensors (Hoyt Affidavit, ¶ 2).

Besides, Rosemount will have the opportunity to observe other manufacturing and processing undertaken by Harco. Therefore, the inspection may cause disclosure of highly confidential and proprietary information that has no relevance to this litigation and that would cause Harco significant harm. (Hoyt Aff't, ¶ 3.)

For all the foregoing reasons, the Motion for a Protective Order should be granted.

Dated: December 15, 2003.

                                        **EPSTEIN BECKER & GREEN, P.C.**

By _/s/ David S. Poppick_
David S. Poppick, Esq. (#13202)
Attorneys for Defendant
HARCO LABORATORIES, INC.
One Landmark Square, 18th Floor
Stamford, CT 06901
(203) 348-3737
              and
WISE & WISE
Robert B. Wise, Esq.
Attorneys for Defendant
HARCO LABORATORIES, INC.
1100 Summer Street
Stamford, CT 06905
(203) 359-8877

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent, via regular mail, this 12th day of December 2003, to:

Daniel W. McDonald Esq. (ct23281)
William D. Schultz, Esq.(ct25198)
Merchant & Gould PC
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Telephone: (612) 332-5300
Facsimile: (612) 332-9081

James Mahanna, Esq. (ct24681)
Day, Berry & Howard LLP
CityPlace 1
Hartford, CT 06103-3499
Telephone: (860) 275-0100
Facsimile: (860) 275-0343

_____
David S. Poppick