

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSEMOUNT AEROSPACE, INC., | : | |
| Plaintiff, | : | Civil Action No. 303CV0444 (AWT) |
| vs. | : | |
| WEED INSTRUMENT COMPANY, INC., and HARCO LABORATORIES, INC., | : : | |
| Defendants. | : | DECEMBER 22, 2003 |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Harco Laboratories, Inc. ("Harco") and Brad Powell ("Powell"), by their attorneys, Epstein Becker & Green, P.C., answer the First Amended Complaint of Plaintiff, Rosemount Aerospace, Inc. ("Rosemount"), as follows:

**Parties**

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Admit the allegations contained in paragraph 2.

3. Admit the allegations contained in paragraph 3.

ST:27401v1

## Jurisdiction and Venue

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and respectfully refer all questions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and respectfully refer all questions of law to the Court.

## Facts

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and respectfully refer to the alleged Purchase Agreement for the terms and legal effect thereof.

9. Deny the allegations contained in paragraph 9, except admit that Brad Powell ("Powell") worked for Weed Instrument Company, Inc. ("Weed") at the time that it is alleged that the Purchase Agreement was executed, and Powell was an engineer responsible for the design, project management and qualification of total air temperature probes.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, except admit that Powell signed the referenced employee agreement, and respectfully refer to that agreement for the terms and legal effect thereof.

11. Deny the allegations contained in paragraph 11.

12. Deny the allegations contained in paragraph 12, and respectfully refer all questions of law to the Court.

13. Admit that Powell's agreement with Weed contained the section alleged in paragraph 13, and respectfully refer to that agreement for the terms and legal effect thereof.

14. Deny the allegations contained in the first sentence of paragraph 14; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence; and respectfully refer to the referenced agreement for the terms and legal effect thereof.

15. Admit the first sentence of paragraph 15, and deny the second sentence of paragraph 15.

16. Deny the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17, except admit that Powell contacted Glen Beatty ("Beatty") to participate in drawings and modeling of Harco projects.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 about the agreement between Weed and Beatty.

22. Deny the allegations contained in paragraph 22, except admit that Exhibit 3 is a Harco document and Exhibit 4 is a photograph of a Harco total air temperature sensor.

23. Deny the allegations contained in paragraph 23.

**Count I**
**Tortious Interference With**
**Contractual Relations Against Harco**

1-23. Repeat and reallege the responses to the allegations incorporated by reference in paragraphs 1-23.

24. Deny the allegations contained in paragraph 24, and respectfully refer all questions of law to the Court.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33.

34. Deny the allegations contained in paragraph 34.

**Count II**
**Violation Of The Connecticut**
**Unfair Trade Secrets Act Against Harco**

1-34. Repeat and reallege the responses to the allegations incorporated by reference in paragraphs 1-34.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39.

40. Deny the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

**Count III**
**Violation Of The Connecticut**
**Unfair Trade Practices Act Against Harco**

1-42. Repeat and reallege the responses to the allegations incorporated by reference in paragraphs 1-42.

43. Deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

**Count IV**
**Breach Of Contract Against Powell**

1-47. Repeat and reallege the responses to the allegations incorporated by reference in paragraphs 1-47.

48. Deny the allegations contained in paragraph 48, and respectfully refer all questions of law to the Court.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

## FIRST AFFIRMATIVE DEFENSE

Rosemount's Complaint fails to state a claim upon which relief can be granted against Harco and Powell.

## SECOND AFFIRMATIVE DEFENSE

Harco and Powell are not parties to nor bound by the alleged non-competition covenant between Rosemount and Weed.

## THIRD AFFIRMATIVE DEFENSE

Rosemount's Complaint is barred by its unclean hands because, among other things, it violated the Stipulated Protective Order in the action entitled, <u>Harco Laboratories, Inc. v. Goodrich Corporation, et al.</u>, United States District Court, District of Connecticut, Civil Action No. 3: 01CV 01277 (AWT).

## FOURTH AFFIRMATIVE DEFENSE

All actions by Harco and Powell were in good faith and for legitimate business reasons, neither willful or malicious, and were based on reasonable factors other than as alleged.

## FIFTH AFFIRMATIVE DEFENSE

Rosemount's Complaint is time-barred by the statute of limitations under Connecticut General Statutes §§ 52-577, 42-110g(f), 35-56, and the statute of limitations under the Texas Civil Practice & Remedy Code § 16.051, if applicable.

WHEREFORE, Harco and Powell respectfully request that Rosemount's Complaint be dismissed in its entirety, together with such other and further relief as this Court deems just and proper.

EPSTEIN BECKER & GREEN, P.C.

By _____
David S. Poppick, Esq. (#ct13202)
Jonathan Plissner, Esq. (#ct 23773)
Attorneys for Defendants
HARCO LABORATORIES, INC.
and BRAD POWELL
One Landmark Square, 18th Floor
Stamford, CT  06901
(203) 348-3737

and

WISE & WISE
Robert B. Wise, Esq.
Attorneys for Defendant
HARCO LABORATORIES, INC.
1100 Summer Street
Stamford, CT  06905
(203) 359-8877

**CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent, via Regular Mail, this 22nd day of December 2003, to:

James Mahanna, Esq.
Day, Berry & Howard LLP
CityPlace 1
Hartford, CT  06103-3499


Daniel W. McDonald, Esq.
William Schultz, Esq.
Merchant & Gould P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402-2215

_____
David S. Poppick