UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSEMOUNT AEROSPACE, INC.,            :

               Plaintiff,    :    Civil Action No. 303CV0444 (AWT)

vs.                                                  :

WEED INSTRUMENT COMPANY, INC., :
and HARCO LABORATORIES, INC.,         :

               Defendants.    :    JANUARY 13, 2004

## DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Harco Laboratories, Inc. ("Harco") respectfully moves for entry of a Protective Order rescheduling the Deposition noticed by Plaintiff Rosemount Aerospace, Inc. ("Rosemount") to proceed on February 9, 2004. Also, Harco seeks an order compelling Rosemount to attend its deposition in the District of Connecticut on February 9, 2004, based on a prior deposition notice Harco served. Rosemount's Minnesota counsel has said that Rosemount will require Harco to take Rosemount's deposition in Minnesota, and Rosemount will not come to the District of Connecticut on February 9, 2004, for its deposition. Instead, Rosemount seeks to take the deposition of Harco's employee on February 9, 2004, before it proceeds with its deposition even though its deposition notice was served later than Harco's notice was served. In addition, Harco seeks sanctions of expenses and

ST:27551v1

attorneys' fees, pursuant to Fed. R. Civ. P. 26(g)(3) and 37(a)(2), against Rosemount and/or its counsel. In support of its motion, Harco states as follows:

1. Rosemount filed its original Complaint in this action on or about March 13, 2003, however, Rosemount did not serve its original Complaint until on or about July 10, 2003.

2. Harco served its original Answer on August 27, 2003.

3. On September 25, 2003, Harco served its First Set of Interrogatories and Request for Production of Documents, and a Notice to Take Deposition of Rosemount. The deposition of Rosemount's representative was originally noticed to be taken on November 7, 2003, in Stamford, Connecticut. (Exhibit A.)

4. On or about October 9, 2003, Rosemount served the parties' Rule 26(f) Report.

5. In late October 2003, Rosemount's Minnesota counsel requested additional time to respond to Harco's First Set of Interrogatories and Request for Documents. Harco's counsel consented to Rosemount's request for an extension of time to respond. Harco's counsel requested that the deposition of Rosemount on November 7, 2003 be rescheduled because Rosemount's responses to the discovery demands would not be received sufficiently in advance of the scheduled deposition as a result of Rosemount's request for additional time. It was agreed that Rosemount's deposition would be rescheduled for a mutually convenient date.

6.  Rosemount served its First Set of Interrogatories and First Set of Requests for Documents on Harco on or about October 30, 2003. Rosemount served its Second Set of Requests for Documents on Harco on or about November 11, 2003.

7.  Rosemount served its responses to Harco's First Set of Interrogatories and Request for Documents on or about November 4, 2003. Shortly thereafter, Rosemount's Minnesota counsel informed Harco's counsel that Rosemount was preparing an Amended Complaint that would be served after the drafting was finalized and reviewed by Rosemount. Therefore, Harco's counsel told Rosemount's counsel that the rescheduling of Rosemount's deposition should await service of the additional pleadings and potential additional written discovery to be served as a result of the amended pleadings. Harco's counsel also said that the dates set forth in the parties' Rule 26(f) Report would have to be extended as a result of the additional pleadings and discovery that would be necessary. Rosemount's counsel concurred.

8.  Rosemount served its Motion for Leave of Court to File its First Amended Complaint on November 25, 2003. The Court granted Rosemount's Motion For Leave to File its First Amended Complaint on December 5, 2003.

9.  On December 12, 2003, Harco served its Motion For A Protective Order with respect to Rosemount's Request to Permit Entry For Inspection. That Motion is scheduled to be heard by Hon. Magistrate Judge Donna F. Martinez on January 23, 2003.

10. On December 15, 2003, Harco served its Motion For an Extension of Time to respond to Rosemount's First Set of Interrogatories and First and Second Request For Production of Documents, since Rosemount's Minnesota counsel refused to consent to the extension of time requested by Harco's counsel until January 9, 2004. Harco's motion was granted by the Court on December 19, 2003.

11. Rosemount did not serve Harco with the Amended Complaint after the Court granted Rosemount's Motion For Leave to File the Amended Complaint on December 5, 2003. Nevertheless, in order to progress this action, on December 22, 2003, Harco served Rosemount with its Answer to the First Amended Complaint, and also served Harco's Second Request for Production of Documents.

12. During December 2003, Harco's counsel and Rosemount's Minnesota counsel discussed scheduling of depositions. Harco's counsel asked Rosemount's counsel for a date to take Rosemount's deposition, and Rosemount's counsel requested dates during the last two weeks of January and the first two weeks of February, 2004 to take two depositions of Harco.

13. On December 29, 2003, Harco's counsel asked Rosemount's Minnesota counsel how many dates he needed for the two depositions he requested.

14. On January 2, 2004, Rosemount's Minnesota counsel told Harco's counsel he needed three dates to take four depositions, and he planned to serve notices for the first week of February, 2004. Harco's counsel told Rosemount's counsel that all the depositions could be

scheduled during the week of February 9, 2004. Harco's counsel said Rosemount's deposition could be rescheduled for February 9, 2004, and the four depositions Rosemount sought to take could be scheduled anytime between February 10 through February 13, 2004. Harco's counsel told Rosemount's counsel that depositions should not be scheduled during the last two weeks of January or the first week of February, 2004, because of his scheduling conflicts with depositions, court appearances, motions in other cases and co-counsel's schedule.

15. Rosemount's Minnesota counsel responded that Rosemount's deposition would have to be taken in Minnesota and that Rosemount would not come to Connecticut for its deposition. Harco's counsel responded that the law does not require Harco to leave Connecticut to take Rosemount's deposition, and that he hoped it would be unnecessary for Harco to seek the Court's intervention a third time regarding discovery matters. Rosemount's counsel said he would re-examine his position.

16. Without further communication to Harco's counsel from Rosemount's counsel, on January 2, 2004, Rosemount's counsel served Harco's counsel with copies of five deposition notices, as follows:

    1. John Labaj, on January 21, 2004, in Austin, Texas.

    2. Jorge Martinez, on February 9, 2004, in Stamford, Connecticut.

    3. Ronald Buchanan, on February 10, 2004, in Stamford, Connecticut.

     5.    Brad Powell, on February 11, 2004, in Stamford, Connecticut.

The cover letter from Rosemount's counsel enclosing the deposition notices offered no explanation why a deposition was noticed to be taken January 21, 2004 in Austin, Texas, despite the request by Harco's counsel that no depositions be scheduled that week in January. Also, counsel's letter was silent with respect to Rosemount's appearance in Connecticut for its deposition on February 9, 2004. (Exhibit B.)

    17.    On January 13, 2004, Harco's counsel spoke to Rosemount's Minnesota counsel about this motion. Rosemount's counsel agreed to withdraw its deposition notice for January 21, 2004, because there is confusion about which version of the parties' Rule 26(f) Report was filed with the Court. One version has the deadline for non-party discovery as June 1, 2004, and another version has the deadline as March 1, 2004.

    18.    Nevertheless, Harco's Motion for a Protective Order is necessary and appropriate in two other respects. First, as demonstrated in the accompanying memorandum of law, an out-of-state corporate plaintiff is required to come to the forum chosen by the plaintiff for its deposition. The corporate plaintiff may not avoid appearing for examination in the forum that the plaintiff chose. Therefore, as a matter of law, Rosemount is required to come to Connecticut, and Harco is not required to take Rosemount's deposition in Minnesota.

    19.    Harco's Notice of Deposition of Rosemount that was served in September, 2003, designated the location for Rosemount's deposition to be in Stamford, Connecticut (Exhibit A).

Rosemount's Minnesota counsel said, in substance, that Rosemount had to select Connecticut as the forum because that is where Brad Powell resides. For that reason, Rosemount's counsel said that Harco should be required to take Rosemount's deposition in Minnesota. Rosemount never moved for a protective order concerning the location of its deposition for a good reason – there is no legitimate basis for Rosemount to contest the location in Connecticut.

20.     Second, the notice of deposition that Rosemount served seeking to take the deposition of Harco's employee Jorge Martinez on February 9, 2004, in Stamford, Connecticut, is a transparent attempt by Rosemount to evade being deposed on the same date that Harco's counsel said it would take Rosemount's deposition. Such gamesmanship should not be countenanced by this Court.

21.     Accordingly, Harco seeks a Protective Order:

    (a)     directing Rosemount to come to Stamford, Connecticut, on February 9, 2004, for its deposition at the location designated by Harco's counsel; and

    (b)     directing Rosemount to reschedule the deposition it noticed to take place on February 9, 2004, for another date.

22.     Unfortunately, this is the third time that the Court's intervention has been required for discovery issues in this case as a result of the unwillingness by Rosemount's Minnesota counsel to resolve discovery issues. Since the position taken by Rosemount's counsel with respect to the location of Rosemount's deposition is not warranted under existing law, and since

its scheduling of Harco's depositions was done to blatantly flout Harco's requests for the scheduling of those dates, Harco respectfully requests that the Court consider applying the provisions of Federal Rules of Civil Procedure 26(g)(3) and 37(a)(4) and award expenses and attorneys' fees against Rosemount and/or its Minnesota counsel whose conduct necessitating this motion was designed solely to harass Harco, needlessly increase its cost of litigation, and unnecessarily impose upon this Court's time and resources.

23. For these reasons, Harco's Motion For a Protective Order and Sanctions should be granted. A Memorandum of Law and affidavit in accordance with Local Rule 37(a)(2) accompany this motion.

EPSTEIN BECKER & GREEN, P.C.

By _____
David S. Poppick, Esq. (#ct13202)
Jonathan Plissner, Esq. (#ct 23773)
Attorneys for Defendants
HARCO LABORATORIES, INC.
and BRAD POWELL
One Landmark Square, 18th Floor
Stamford, CT 06901
(203) 348-3737

and

WISE & WISE
Robert B. Wise, Esq.
Attorneys for Defendant
HARCO LABORATORIES, INC.
1100 Summer Street
Stamford, CT 06905
(203) 359-8877

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent, via Regular Mail, this 13th day of January 2004, to:

James Mahanna, Esq.
Day, Berry & Howard LLP
CityPlace 1
Hartford, CT 06103-3499

Daniel W. McDonald, Esq.
William Schultz, Esq.
Merchant & Gould P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215

/David S. Poppick/
David S. Poppick