UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSEMOUNT AEROSPACE INC., | : | |
| Plaintiff, | : | Civil Action No. 303CV0444 (AWT) |
| vs. | : | |
| WEED INSTRUMENT COMPANY, INC., and HARCO LABORATORIES, INC., | : | |
| Defendants. | : | JANUARY 13, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**

**Introduction**

Defendant Harco Laboratories, Inc. ("Harco") submits this Memorandum of Law in Support of its Motion For a Protective Order, pursuant to Federal Rule of Civil Procedure 26(c), and sanctions under Federal Rules 26(g)(3) and 37(a)(2), against Plaintiff Rosemount Aerospace, Inc. ("Rosemount").

The underlying facts are set forth in Harco's accompanying Motion For A Protective Order, and for brevity, they are not repeated here. Harco's Motion should be granted for the reasons set forth below.

ST:27564v1

**Argument**

**HARCO'S MOTION FOR A PROTECTIVE
ORDER AND SANCTIONS SHOULD BE GRANTED**

Courts consistently rule that a nonresident plaintiff is required to come to the district in which the suit is brought for a deposition. Since the plaintiff has chosen the forum, he, she, or it will not be heard to complain about having to appear in the chosen forum for a deposition, unless good cause is shown, such as physical illness or infirmity. Sykes International, Ltd. v. Pilch's Poultry Breeding Farms, Inc., 55 F.R.D. 138 (D. Conn. 1972); A.I.A. Holdings, S.A. v. Lehman Bros., Inc., 2002 WL 1041356, 97 Civ. 4978, 2002 U.S. Dist. LEXIS 9218 (S.D.N.Y. May 20, 2002); United States of America v. Rock Springs Vista Development, 185 F.R.D. 603, 604-05 (D. Nev. 1999).

Rosemount has articulated no reason for its refusal to come to Connecticut for its deposition other than that it simply wants Harco and its counsel to travel to Minnesota for that deposition, and it was forced to choose Connecticut as the forum because Brad Powell is a Connecticut resident. The explanation by Rosemount's counsel makes no sense. Rosemount has not stated any reason for its position that constitutes good cause. Rather, its position is designed solely to harass Harco and cause it to incur additional time and expense, with no basis in law.

Courts consistently rule that witnesses and their parties are entitled to the minimal courtesy of consultation concerning depositions and award sanctions where a protective order must be sought because counsel refuses to do so. In Hauser v. Farrell, 14 F.3d 1338 (9th Cir.

1994), the Court affirmed a protective order and sanctions against counsel for refusing to change deposition dates and stated in words equally apt here (14 F.3d at 1343):

> Obstructive refusal to make reasonable accommodation, such as plaintiff exhibited, not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients.

The same rule applies here.  See also, Imperial Chemicals Industries, PLC v. Barr Laboratories, Inc., 126 F.R.D. 467, 470 (S.D.N.Y. 1989) (ruling that the timing of the deposition notice was an expedient to force plaintiff to agree to a schedule dictated by defendant, entitling the plaintiff to a protective order and sanctions against the defendant's attorneys.)

The refusal by Rosemount's Minnesota counsel to bring Rosemount to Connecticut for its deposition and otherwise make reasonable accommodations to Harco and its counsel is designed solely to harass Harco, increase litigation expense and unnecessarily impose on this Court's time and resources.  For these reasons, sanctions are warranted against Rosemount and/or its counsel.

## Conclusion

For the foregoing reasons, the Motion For a Protective Order should be granted.

Dated: January 13, 2004.

                                **EPSTEIN BECKER & GREEN, P.C.**

By /David S. Poppick/
David S. Poppick, Esq. (#13202)
Attorneys for Defendants
HARCO LABORATORIES, INC.
and BRAD POWELL
One Landmark Square, 18th Floor
Stamford, CT 06901
(203) 348-3737

                        and

WISE & WISE
Robert B. Wise, Esq.
Attorneys for Defendant
HARCO LABORATORIES, INC.
1100 Summer Street
Stamford, CT 06905
(203) 359-8877

ST:27564v1                        4