UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMOUNT AEROSPACE INC. )<br>Plaintiff, ) | Civil Action No. 3:03CV0444(AWT) |
| ) | |
| vs. ) | |
| ) | |
| HARCO LABORATORIES, INC., a )<br>Connecticut Corporation and )<br>BRAD POWELL, an individual, )<br>Defendants, ) | January 27, 2004 |

**ROSEMOUNT AEROSPACE INC.'S MEMORANDUM**
**IN OPPOSITION OF HARCO'S MOTION FOR A PROTECTIVE ORDER**

## I. INTRODUCTION

Rosemount Aerospace Inc. ("Rosemount Aerospace") opposes Defendant Harco

Laboratories, Inc.'s ("Harco") Motion for a Protective Order.  Harco requests that this Court

order Rosemount Aerospace to travel from Minnesota to Connecticut to provide a corporate

30(b)(6) deposition, and to require Rosemount Aerospace to reschedule its deposition of

Jorge Martinez scheduled for the same date (February 9, 2003).  Rosemount Aerospace is

based in Minnesota, and the duties attached to a Rule 30(b)(6) deposition make it

particularly inappropriate to order that the deposition take place over a thousand miles from

the location of the people and information relevant to the deposition.  Moreover, Harco's

notice of deposition fails to describe the deposition categories sought with reasonable

particularity, and thus is defective.

Finally, Harco served its notice of deposition on September 25, 2003, requesting the

deposition on November 7, 2003.  After Rosemount indicated it would not appear in

Connecticut for the deposition, but was available on that date in Minnesota, Harco chose to

cancel the deposition.  Weeks later, following Harco's failure to confirm or deny its

availability for depositions in February, Rosemount Aerospace informed Harco it would be noticing a deposition of a Harco employee on February 9, 2003, and served that notice on January 2, 2003.[1]  After Rosemount Aerospace informed Harco of its intent to take the deposition, Harco demanded that its 30(b)(6) deposition of Rosemount Aerospace take precedence on that date, again in Connecticut.  Harco made this demand even though it has never re-served a deposition notice for that date, and despite its knowledge that Rosemount Aerospace refused to appear in Connecticut.

Harco now moves to deny Rosemount Aerospace the right to take the deposition it served for February 9 because Harco contends it has the right to take Rosemount Aerospace's 30(b)(6) deposition first, even though it had never before made an informal or formal request that Rosemount provide a deposition on that date.  Harco's delay tactics and other actions have created unnecessary and avoidable issues that have delayed all depositions from proceeding.  The motion should be denied, and Rosemount's depositions allowed to proceed on February 9-11.

Moreover, if any Rule 30(b)(6) deposition of Rosemount Aerospace should take place, it should be in Minnesota.  The general rule is that a corporation will be deposed at its principal place of business; Minnesota for Rosemount Aerospace.  That general rule makes even more sense when, as here, the deposition imposes certain duties on the corporation to provide information that may or may not involve communications, documents or things that are located at the corporate offices.  Having the depositions in Minnesota will also reduce

---

[1] Rosemount Aerospace served Harco's counsel with five notices of deposition on January 2, 2004. The deposition of Jorge Martinez is scheduled to occur on February 9, 2004, in Stamford, Connecticut, near Harco's facilities.

the overall costs and the witness' time away from work.  Minnesota is most appropriate

when cost, convenience and efficiency factors are considered.

This Court should also deny Harco's motion for sanctions.  Ample law supports

Rosemount Aerospace's positions.  Moreover, Rosemount Aerospace, and not Harco,

followed proper procedures and provided clear and early notice of the names, dates, and

places for the depositions it sought.  Harco's arguments have no basis and its motion should

be denied.

## II.  FACTUAL BACKGROUND

This case is based on Harco's tortious interference with a contract between

Rosemount Aerospace and Weed Instrument Company, Inc. ("Weed") and related employee

agreements restricting the use of confidential information.  In 1994, Rosemount Aerospace

acquired certain aerospace-related assets from Weed.  As part of the acquisition, Weed

agreed to a non-competition covenant in the product lines sold and agreed that it would not

improperly use or disclose confidential information relating to aerospace products including

Total Air Temperature, or TAT, sensors.

At the time of the agreement between Rosemount Aerospace and Weed, Brad

Powell, Jorge Martinez, Glenn Beatty, and John Labaj were employees of Weed.  These

employees had intimate knowledge of various aspects of Weed's TAT sensors.  Harco hired

Brad Powell in November 1998, in large part due to his promise that he could get Harco into

a business it had never been able to penetrate:  TAT sensors.  Powell then proceeded to

bring the foursome together again, only this time for Harco.  Harco began wooing Powell's

former Weed colleague, Jorge Martinez, to work for Harco even before Powell began

3

working for Harco.  Harco hired Martinez only weeks after Powell started, in early 1999.

By March 1999, Powell and Harco had induced Glenn Beatty and John Labaj, still

employees at Weed at the time, to assist Harco in the design and development of Harco's

TAT sensor.  With the assistance of all four of these current or former Weed employees,

Harco developed a TAT sensor and bid against Rosemount Aerospace for TAT sensor

contracts, taking business from Rosemount Aerospace.  Harco's actions induced Weed to

breach its agreement with Rosemount Aerospace, and induced the breach of Weed

employment agreements, damaging Rosemount Aerospace in the process.

On March 13, 2003, Rosemount Aerospace sued Weed for breach of contract, and

sued Harco for its tortious interference with Rosemount Aerospace's non-compete contract

with Weed Instrument Company, Inc. ("Weed") and related claims.  (First Amended

Complaint, ¶¶ 24-34).  The claims were partially based on certain assets Rosemount

Aerospace purchased from Weed on December 5, 1994, and the agreements stemming from

that transaction.  Id. at ¶ 6.  As part of this transaction, Rosemount Aerospace and Weed

entered into a non-compete agreement under which Weed was prohibited, among other

things, from directly or indirectly participating in efforts by any company to develop

aerospace products such as TAT sensors for seven years.  The agreement also bans the use

or disclosure of certain information in connection with such products, including information

regarding TAT sensors, and requires that Weed take reasonable steps to ensure that Weed

employees are informed of these duties.  Id. at ¶ 8.

At the time of the transaction between Rosemount Aerospace and Weed, Brad

Powell, Jorge Martinez, Glenn Beatty, and John Labaj all worked for Weed.  All had worked

on Weed's TAT sensors.  At least Brad Powell and Glenn Beatty signed agreements stating

4

that they would not use, copy, or divulge confidential information acquired in connection with their employment at Weed.  Id. at ¶¶ 9-10.

Rosemount Aerospace negotiated a settlement with Weed involving an admission of liability and payment of damages.  As part of the settlement, Weed was dismissed from the case.

Rosemount Aerospace served Harco with the Complaint on July 10, 2003.  On September 25, 2003, Harco served a notice requesting a Rule 30(b)(6) deposition of Rosemount Aerospace.  (See Ex. A, Declaration of William Schultz at ¶ 2 (hereinafter "Schultz Decl.")  Although Rosemount Aerospace's principal place of business is in Minnesota and Rosemount Aerospace has no facilities in Connecticut, the notice stated that the deposition would occur on November 7, 2003 in Stamford, Connecticut.  Id. Additionally, the only statement regarding the subject matter to be covered in the deposition was as follows:

> . . . Defendant, Harco Laboratories, Inc., will take the deposition upon oral examination of Rosemount Aerospace Inc., by the person designated as most knowledgeable to testify on its behalf with respect to the allegations set forth in the Complaint . . . .

Id.

At the time Harco served its notice of deposition, the parties had not yet agreed on the terms of a protective order.  On October 9, 2003, counsel for Rosemount Aerospace sent Harco a proposed protective order and requested that Harco agree to the terms before the parties respond to discovery requests or set dates for depositions.  (See Schultz Decl., ¶ 3.) On October 27, 2003, Harco's counsel chose to cancel its 30(b)(6) deposition, but did not select an alternative date.  (See Schultz Decl., ¶ 4.)  Harco has yet to provide notice of a

5

revised date, other than November 7, 2003, to take its 30(b)(6) deposition of Rosemount Aerospace.  (See Schultz Decl., ¶ 10.)

On November 26, 2003, Rosemount Aerospace sent Harco a letter discussing discovery issues, and requesting Harco to inform it of dates it would be available for the depositions of Jorge Martinez and Brad Powell.  (See Schultz Decl., ¶ 5.)  Specifically, Rosemount Aerospace requested dates in the last two weeks of January and the first two weeks of February.  Id.  Harco did not respond.

Rosemount Aerospace again requested Harco's availability for depositions in a letter dated December 3, 2003.  (See Schultz Decl., ¶ 6.)  More than three weeks passed before Harco responded on December 29, 2003, with a one-line email requesting the number of days Rosemount Aerospace needed to take the depositions.  (See Schultz Decl., ¶ 7.)  The email provided no dates regarding Harco's availability.

On January 2, 2004, counsel for Rosemount Aerospace called Harco's counsel to discuss dates for the depositions.  (See Schultz Decl., ¶ 9.)  Due to Harco's failure to provide any available dates, Rosemount Aerospace had prepared four notices of depositions for February 2-4, 2004, and desired to know Harco's availability for those dates.  Harco's counsel responded that he would not be available the week of February 2, but would be the week of February 9.  (See Schultz Decl., ¶¶ 8-9.)  Because Harco's counsel indicated he would be available the week of February 9, Rosemount Aerospace's counsel informed Harco's counsel that it would be noticing the depositions for February 9-11, 2004.  (Id. at ¶ 9.)  Harco's counsel indicated that those dates were available for the depositions.

However, during the January 2, 2004, telephone call, Harco's counsel demanded that he be allowed to take Rosemount Aerospace's 30(b)(6) deposition on February 9, 2004, followed by the depositions requested by Rosemount Aerospace.  (See Schultz Decl., ¶ 9.)  Rosemount Aerospace's counsel informed Harco's counsel that this plan would not work for a number of reasons.  Id.  First, Harco's proposal would create a scheduling conflict later in

6

the week.  Second, as Rosemount Aerospace had asserted weeks before, Harco's 30(b)(6) deposition of Rosemount Aerospace should be in Minnesota, not Connecticut.  Id. Rosemount Aerospace served four notices of deposition for February 9-11, 2004.[2]  Harco served no notice for any date, and has never sent a letter proposing that date, or requesting dates of availability.

Harco never indicated prior to the January 2, 2004, phone call that it intended to reschedule its Rule 30(b)(6) deposition of Rosemount Aerospace for February 9, 2004.  (See Schultz Decl., ¶ 10.)  Only after Rosemount Aerospace informed Harco that it would be noticing its depositions did Harco state it wanted to reschedule the deposition of Rosemount Aerospace for that same day.  Id.  The parties further discussed their differences, including Rosemount Aerospace's concerns with the Rule 30(b)(6) notice.  The only issue resolved was that Rosemount Aerospace agreed to postpone its January 21 deposition of John Labaj in Texas due to the assertion of Harco's attorney, undocumented in any correspondence, that he was unavailable that date.  Harco then brought this motion, without even serving a new notice of deposition.  Harco's motion should be denied and Rosemount Aerospace should be allowed to proceed with the depositions it properly scheduled for February 9-11, 2004.

## III.  ARGUMENT

### A.    Harco's 30(b)(6) Deposition  Notice is Too Vague and Otherwise Defective.

Notices of depositions must be served *in writing*, stating the time and location the deposition is to take place.  Fed. R. Civ. P. 30(b)(1).  A Rule 30(b)(6) notice must also "describe with reasonable particularity the matters on which examination is requested."  Fed. R. Civ. P. 30(b)(6).  Indeed, "[t]he requesting party must take care to designate, with

---

[2] Rosemount Aerospace served a fifth notice of deposition for John Labaj on January 21, 2004, which Rosemount Aerospace agreed to reschedule at Harco's request due to the unavailability of Harco's counsel on that date.

painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000).

Harco has not served Rosemount Aerospace with written notice that it seeks Rosemount Aerospace's deposition on February 9, 2004. In fact, the only notice of deposition served on Rosemount Aerospace was dated September 25, 2003, which noticed a Rule 30(b)(6) deposition of Rosemount Aerospace for November 7, 2003. (See Schultz Decl., ¶¶ 2, 10.)

Moreover, Harco's original notice fails to describe the subject matter sought with reasonable particularity as required under Rule 30(b)(6). Without reasonable particularity, Rosemount Aerospace cannot properly determine the appropriate witnesses to designate for the deposition. "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task." Steil v. Humana Kansas City, Inc., 197 F.R.D. 442, 444 (D. Kan. 2000). This is because the notice party must designate persons knowledgeable based on the subject matter listed in the notice. Id.

Harco's notice called for "the person designated by the Plaintiff most knowledgeable to testify on its behalf with respect to the allegations set forth in the Complaint . . . ." (See Schultz Decl., ¶ 2.).[3] This deposition notice, in effect, seeks a binding answer to any question relevant to the lawsuit. However, if a Rule 30(b)(6) notice allowed such a broad scope of inquiry, then the reasonable particularity requirement in that rule would effectively be nullified.

---

[3] The canceled 30(b)(6) notice is even more confusing here because, after the notice was served, Rosemount Aerospace superseded its Complaint with a substantially different Amended Complaint. Harco has made no effort to clarify whether its notice refers to the Complaint or the Amended Complaint.

On this point, <u>Innomed Labs, LLC v. Alza Corp.</u>, 211 F.R.D. 237, 240 (S.D.N.Y. 2002), is instructive.  In that case, a Rule 30(b)(6) deposition stated that it covered certain topics "including but not limited to" the listed topics.  <u>Id.</u>  The court denied a motion to compel a deposition in part because it found such a notice was overbroad and thus violated the reasonable particularity requirement of Rule 30(b)(6).  <u>Id.</u>  The deposing party is not "free to ask any questions, even if 'relevant' to the lawsuit" during a 30(b)(6) deposition. <u>Paparelli v. Prudential Ins. Co.</u>, 108 F.R.D. 727, 730 (D. Mass. 1985) (holding deposing party must be limited to requested categories).  If such broad questioning were allowed, the "reasonable particularity requirement would make no sense."  <u>Id.</u>

Here, Harco reached the same point using different language: it effectively noticed the corporation to testify about anything relevant to the case.  This is the polar opposite of "reasonable particularity."   Because Harco's original, canceled Rule 30(b)(6) notice is the only one by which to gauge its motion to compel, and because that notice violates the "reasonable particularity" requirement, Harco's motion to force Rosemount Aerospace's 30(b)(6) deposition on February 9, 2004 should be denied.

**B.    <u>Any 30(b)(6) Deposition Of Rosemount Aerospace Should Be Taken In Minnesota, Not Connecticut.</u>**

A corporation's principle place of business is generally presumed to be the proper location for taking Rule 30(b)(6) depositions of corporate parties.  <u>In re Handy & Harman Ref. Group, Inc.</u>, 295 B.R. 179, 182 (Bankr. D. Conn. 2002).  When the deponent is the defendant, the presumption is readily applied because a corporation-defendant did not choose the forum state.  <u>Buzzeo v. Bd. of Educ., Hemptsted</u>, 178 F.R.D. 390, 392 (E.D.N.Y. 1998).  Where a plaintiff corporation chooses the forum, it should normally be prepared to

defend a deposition in that forum.  In re Handy & Harman, 295 B.R. at 182.  However, where the plaintiff had no real choice of forum, the presumption remains that the plaintiff corporation be deposed at its principle place of business.  Id.  See also Abdullah v. Sheridan Sq. Press, Inc., 154 F.R.D. 591, 592-93 (S.D.N.Y 1994); Connell v. City of New York, 230 F. Supp. 2d 432, 436 (S.D.N.Y. 2002).

Rosemount Aerospace had no real choice of forum when it chose Connecticut. Indeed, Connecticut was the only forum that avoided jurisdictional issues including jurisdiction over Brad Powell, an individual resident of Connecticut.  (See First Amended Complaint, ¶ 3.)  It is also unclear whether Harco would have had minimum contacts with Minnesota.  Thus, unless Rosemount Aerospace brought suit in Connecticut, it "may well have been without remedy for the egregious wrongs which [it] claims were committed against [it]."  See Endte v. Hermes Ex. Corp., 20 F.R.D. 162, 164 (S.D.N.Y. 1957).  Thus, the presumption that a corporate deposition takes place at the corporation's location applies here, and supports the conclusion that Rosemount Aerospace should be deposed in Minnesota.

Harco's three-page Memorandum is conspicuously light on analysis.  Harco does not deny that Rosemount Aerospace was forced to choose the Connecticut forum.  Nor does Harco even address the above-cited case law that shows that a corporate plaintiff is normally deposed at its principle place of business in such situations.  Instead, Harco contends, Rosemount Aerospace's argument should be rejected on the utterly unpersuasive retort that it "makes no sense."  (See Def.'s Mem. Supp. Mot. Prot. Order, at 2.)  Harco is merely whistling Dixie, or more precisely, whistling *ipse dixit*.

In addition to the presumption discussed above, analyses of the cost, convenience and litigation efficiency factors favor Rosemount Aerospace. Rule 30(b)(6) depositions impose obligations on corporations and consequences for failure to meet them. See Sony Elecs., Inc. v. Soundview Techs., Inc., 217 F.R.D. 104, 112 (D. Conn. 2002). Various employees may need to be consulted to answer specific questions. Documents or things may need to be reviewed. Rosemount Aerospace is not provided a script of the questions ahead of time, and thus must have ready access to a variety of information that may or may not be the subject of inquiry. Fairness, convenience, and efficiency dictate that, when a corporation is facing such a deposition, it be deposed at its residence, near the sources of information that may be consulted during the deposition.

In order to take a 30(b)(6) deposition in Minnesota, Harco need only send one attorney. If the deposition was in Connecticut, the designated witness or witnesses, as well as Rosemount Aerospace's attorney, would have to travel to Connecticut. In addition to the increased costs and inconvenience, holding the depositions in Minnesota would "promote the well running" of Rosemount Aerospace's business by reducing the disruption thereto. Buzzeo, 178 F.R.D. at 393. Each of these factors bolsters the presumption in favor of deposing Rosemount Aerospace in Minnesota, not Connecticut.

Harco states that Rosemount Aerospace failed to offer any reason that constitutes good cause, and its position has "no basis in law." (See Def.'s Mem. Supp. Mot. Prot. Order, at 3.) As shown above, Rosemount Aerospace's position is amply supported in law. Indeed, one of the cases cited by *Harco* stands for the legal position that a plaintiff with no real choice but to file in the forum should de deposed at its residence or place of business and not be required to attend a deposition in the forum. See Imperial Chems. Indus., PLC v.

Barr Labs., Inc., 126 F.R.D. 467, 472 (S.D.N.Y. 1989), cited in Def.'s Mem. Supp. Mot.

Prot. Order, at 3.  Accordingly, the Court should deny Harco's motion.

**C.**    **Harco Has No Right To Preclude Rosemount Aerospace From Taking Jorge Martinez's Deposition On February 9, 2004.**

Prior to 1970, some courts applied a "priority rule" that effectively granted parties

the ability to hinder the opponent's discovery.  See Advisory Committee's Note to 1970

Amendments of Fed. R. Civ. P. 26(d).  To prevent such unfair litigation tactics, Rule 26(d)

was amended in 1970 to preclude such tactics.  Id.; see also, Fed. R. Civ. P. 26(d) ("the fact

that a party is conducting discovery, whether by deposition or otherwise, does not operate to

delay any other party's discovery.").

Harco failed to make any formal or informal effort to reschedule the deposition of

Rosemount Aerospace for several weeks.  Its inaction continued while knowing full well

that Rosemount Aerospace sought to schedule depositions in January or February.

Moreover, Harco failed to take any action to reschedule its deposition of Rosemount

Aerospace even after Rosemount served notices for February 9-11.  Despite this lethargic

and incommunicative approach to discovery, Harco requests that the Court resurrect the

long-abandoned priority rule and order that it must depose Rosemount Aerospace before

Rosemount Aerospace conducts any depositions.  It bases this outdated legal premise on its

outdated and withdrawn deposition notice of September 25.

Harco's Memorandum is completely void of case law to support this proposition.

Rule 26(d), however, makes it clear there is no priority rule and Harco's argument is

unsupported by law.  Even if priority applied, Rosemount Aerospace is the first, and only,

party to notice a deposition for February 9, 2004.  The Martinez deposition should go forward as scheduled.

**D.    Harco's Requests For Attorney's Fees And Expenses Should Be Denied.**

Case law shows that a 30(b)(6) deposition of a non-resident, corporate plaintiff should be conducted at its principal place of business, especially when it had no real choice in forum.  Not only has Rosemount Aerospace fully supported the position it took during its discussions with Harco prior to this motion, Rosemount Aerospace has analyzed and demonstrated the flaws in Harco's arguments.  Thus, the Court should deny Harco's motion for sanctions.

Rosemount Aerospace negotiated in good faith with Harco and provided clear notice of its intentions.  In contrast, Harco ignored several of Rosemount Aerospace's efforts to identify dates Harco could attend depositions.  (See Schultz Decl., ¶ 8.)  Harco failed to provide clear notice of its desired deposition date, and chose a conflicting date only as a reaction to Rosemount's efforts to move the case forward.  Harco dragged its feet for weeks after receiving clear notice from Rosemount that Rosemount would not provide a 30(b)(6) deposition in Connecticut.  Harco is in no position to complain, and has no legitimate complaint anyway.  None of the grounds Harco asserts in support of its request for expenses apply here.  Harco's motion for sanctions and expenses should be denied.

## IV. <u>CONCLUSION</u>

Harco's motion seeking a protective order should be denied. Harco has failed to show why Harco should be allowed to usurp Rosemount Aerospace's request to take the deposition of Jorge Martinez on February 9, 2004, in favor of proceeding with a deposition that was not even the subject of a notice and is lacking the requisite particularity. Moreover, good reasons exist to maintain the presumption that Rosemount Aerospace be deposed in Minnesota. Rosemount Aerospace, the witnesses for Rosemount Aerospace, and any documents related to any potential testimony are in Minnesota, not Connecticut. In contrast, Harco ignores the presumption, and fails to dispute the factual support for the conclusion that the presumption applies here. Defendant's Motion for a Protective Order should be denied, and no sanctions should be awarded against Rosemount Aerospace.

**ROSEMOUNT AEROSPACE INC.**

By its attorneys,

_____
James Mahanna (ct24681)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103-3499
Tel. (869) 275-0100
Fax: (806) 275-0343
jmahanna@dbh.com

Daniel W. McDonald (ct23281)
William D. Schultz (ct25198)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Ph. (612) 332-5300
Fx. (612) 332-9081
*Attorneys for Plaintiff*

14

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, first class mail postage prepaid, on this 27th day of January 2004 to:


David S. Poppick (ct13202)
Jonathan M. Plissner (ct23773)
Epstein, Becker & Green, P.C.
One Landmark Square, 18th Fl
Stamford, CT  06901

Robert B. Wise, Esq. (ct25476)
1100 Summer STreet
Stamford, Connecticut   06905


                                        _____
                                        James Mahanna

15