# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSEMOUNT AEROSPACE INC.<br>Plaintiff,<br><br>vs.<br><br>WEED INSTRUMENT COMPANY, INC.<br>HARCO LABORATORIES, INC.<br>Defendants, | )<br>)<br>)  Civil Action No. 3:03CV0444(AWT)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DECLARATION OF WILLIAM D. SCHULTZ**

I, William D. Schultz, having personal knowledge of the facts set forth herein, declare as follows:

1. I am an attorney with the firm of Merchant & Gould, P.C., counsel for Plaintiff Rosemount Aerospace Inc., in the above captioned matter, and I make this declaration in support of Rosemount Aerospace Inc.'s Motion for a Protective Order and in Opposition to Defendant's Motion for a Protective Order.

2. Attached hereto as Exhibit 1 is a true and correct copy of Harco's Rule 30(b)(6) Notice To Take Deposition Upon Oral Examination of Rosemount Aerospace, served on September 25, 2003. The Notice called for the deposition to take place in Stamford, Connecticut on November 7, 2003. In late September or early November 2003, I informed Harco's counsel David Poppick that Rosemount Aerospace would produce 30(b)(6) witnesses, but that the deposition would have to take place in Minnesota, not Connecticut.

3. Attached hereto as Exhibit 2 is a true and correct copy of an October 9, 2003, letter from William Schultz to David Poppick regarding a proposed protective order in this case and informing Harco Rosemount Aerospace would not be able to set a date for Rosemount Aerospace's deposition until a protective order was entered.

4. Attached hereto as Exhibit 3 is a true and correct copy of an October 27, 2003, letter from William Schultz to David Poppick confirming that Harco agreed to reschedule its 30(b)(6) deposition of Rosemount Aerospace scheduled for November 7, 2003. To date, Harco has not served a revised notice.

5. Attached hereto as Exhibit 4 is a true and correct copy of a November 26, 2003, letter from William Schultz to David Poppick requesting Harco's availability to take depositions the last two weeks of January and first two weeks of February. Harco did not respond to this request.

6. Attached hereto as Exhibit 5 is a true and correct copy of a December 3, 2003, letter from William Schultz to David Poppick again requesting Harco's availability to take depositions the last two weeks of January and first two weeks of February. Harco did not respond to this request until December 29, 2003.

7. Attached hereto as Exhibit 6 is a true and correct copy of an email sent to William Schultz by David Poppick on December 29, 2003. The email requested the number of dates needed for Rosemount Aerospace's depositions.

8. Attached hereto as Exhibit 7 is a true and correct copy of a January 2, 2004, letter from William Schultz to David Poppick memorializing Mr. Poppick's availability to take four Harco depositions the week of February 9, 2004.

9. On January 2, 2004, I called David Poppick to determine whether he would be available for depositions the week of February 2. Mr. Poppick informed me that he was not available during the first week of February, but would be available in the second week of February. I then informed Mr. Poppick that Rosemount Aerospace would be noticing depositions for February 9-11, 2004. Mr. Poppick demanded that Harco be allowed to conduct the deposition of Rosemount Aerospace before Rosemount Aerospace conduct any depositions. I responded that Rosemount Aerospace would be unable to attend depositions on February 12, and therefore, Mr. Poppick's plan would not

work. I also reminded Mr. Poppick that the Rule 30(b)(6) deposition of Rosemount Aerospace would need to be conducted in Minnesota, not Connecticut.

10. The only written document provided by Harco purporting to notice a deposition of Rosemount Aerospace pursuant Fed. R. Civ. P. 30(b)(6) was served on September 25, 2003. The first time Harco indicated interest in conducting a deposition of Rosemount Aerospace on February 9, 2004, was on January 2, 2004, after I informed Harco's counsel, David Poppick, that Rosemount Aerospace would be noticing a deposition for February 9.

I state under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: January 27, 2004

William D. Schultz

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------X
ROSEMOUNT AEROSPACE INC.,           :
                                    :
            Plaintiff,              :    303 CV 0444 (AWT)
                                    :
    v.                              :    **NOTICE TO TAKE**
                                    :    **DEPOSITION UPON**
WEED INSTRUMENT COMPANY, INC.,      :    <u>**ORAL EXAMINATION**</u>
and HARCO LABORATORIES, INC.,       :
                                    :
            Defendants.             :
-----------------------------------------------------------X

**PLEASE TAKE NOTICE,** that, pursuant to the Fed. R. Civ. P. 30, Defendant, Harco Laboratories, Inc., will take the deposition upon oral examination of Rosemount Aerospace Inc., by the person designated by the Plaintiff as most knowledgeable to testify on its behalf with respect to the allegations set forth in the Complaint, on November 7, 2003, at 9:30 a.m., before a notary public or a person authorized to administer oaths at the offices of Epstein Becker & Green, P.C., One Landmark Square, Suite 1800, Stamford, Connecticut 06901.

The deposition shall continue from day to day until completed. You are invited to attend and cross-examine.

Dated: September 25, 2003

                              EPSTEIN BECKER & GREEN, P.C.
                              Attorneys for Defendant
                              HARCO LABORATORIES, INC.

                              By: /s/ David S. Poppick
                                  David S. Poppick, Esq. (DP-2716)
                                  One Landmark Square, Suite 1800
                                  Stamford, CT 06901
                                  (203) 348-3737

ST:26613v1

**EXHIBIT 1**
Schultz Decl.

## **CERTIFICATION**

The undersigned hereby certifies that a true copy of the foregoing Notice to Take Deposition Upon Oral Examination was sent via first class mail this 25th day of September, 2003 to:

>Matthew J. Becker
>Elizabeth A. Alquist
>DAY, BERRY & HOWARD LLP
>Attorneys for Plaintiff
>City Place I
>Hartford, CT 06103-3499
>(860) 275-0100
>
>Daniel McDonald
>Kirstin Stoll-DeBell
>Jeffrey P. Cook
>MERCHANT & GOULD, P.C.
>3200 IDS Center
>80 South Eighth Street
>Minneapolis, Minnesota 55402-2215
>(612) 332-5300

Jennifer Pearson-Flanagan

ST:26613v1

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | wschultz@merchant-gould.com
612.371.4677

October 9, 2003

**VIA FACSIMILE**

David Poppick
Epstein, Becker & Green, P.C.
One Landmark Square, 18th Floor
Stamford, CT 06901

Re:   Rosemount v. Harco
      Our Reference: 12971.9USZA
      Breach of Non-Compete Covenant with Weed

Dear David:

Enclosed with this letter, please find a proposed protective order for this case. Please note paragraph 14, which discusses the use and disclosure of documents in this case as well as Civil Action No. 3:01CV1277 (AWT), the previous case between the parties.

Paragraph 14 regards a matter of direct relevance to the production of documents in this case. Indeed, the breadth of your propounded discovery requests may encompass documents produced under the protective order in the previous case.

Paragraph 14 of the proposed protective order resolves any problem regarding cross production of documents. It allows both parties' counsel to access documents from this case as well as the previous case previously produced. It also reduces the time and money spent exchanging or reviewing documents previously produced.

Harco has fought some issues in the previous case related to the protective order. So far, it has lost, and we expect Harco will lose its appeal. This dispute has been costly and wasteful. We urge Harco to agree to this protective order to minimize such wasteful disputes in the future.

Your client has not hesitated to bring losing contempt motions regarding protective orders in the past. Therefore, we will not be able to respond to your discovery requests nor set a date for the deposition until the protective order is resolved either by agreement or on motion. With this letter, we are taking the initiative to move this process forward promptly.



EXHIBIT 2
Schultz Dec

Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

October 9, 2003
Page 2

      Once you have had a chance to review the proposed protective order, please contact me to discuss any comments you may have. If we agree, I will then prepare the final protective order.

                                              Yours very truly,

                                              William D. Schultz

WDS:bes
Enclosure

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | wschultz@merchant-gould.com
612.371.4677

October 27, 2003

**VIA FACSIMILE**

David Poppick
Epstein, Becker & Green, P.C.
One Landmark Square, 18th Floor
Stamford, CT 06901

Re: Rosemount v. Harco
    Our Reference: 12971.9USZA
    Breach of Non-Compete Covenant with Weed

Dear David:

Enclosed with this letter, please find the draft proposed protective order. I have inserted your recommended comments. Please also note paragraph 4, which includes the text we discussed this afternoon. I also added the signature block for the attorneys representing Harco in Harco Laboratories Inc. v. Goodrich, United States District Court, District of Connecticut, No. 3:01CV1277.

This letter is also to confirm your grant of a one week extension in which to respond to your first round of discovery requests. You also said you would reschedule the 30(b)(6) deposition currently scheduled for November 7, 2003.

Yours very truly,

William D. Schultz

WDS:bes
Enclosure

**EXHIBIT 3** Schultz Decl

Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | wschultz@merchant-gould.com
612.371.4677

November 26, 2003

**VIA FACSIMILE AND U.S. MAIL**

David Poppick
Epstein, Becker & Green, P.C.
One Landmark Square, 18th Floor
Stamford, CT 06901

Re:   Rosemount v. Harco
      Our Reference:  12971.9USZA

Dear David:

This letter is to clarify several scheduling and discovery-related issues and to memorialize our phone conversations regarding those issues.

Based on Rosemount filing its First Amended Complaint, you requested that the parties reschedule the discovery and trial dates. As you know, Brad Powell is listed as a defendant in the First Amended Complaint. As such, it would be appropriate to wait until Mr. Powell is served and has retained counsel to determine the revised schedule. If you will be representing Mr. Powell or know who will be in that capacity, please let me know and we can set the revised schedule with his attorney's input.

The Court's Scheduling Order required that the parties exchange initial disclosures by November 17, 2003. In a phone conversation on November 25, 2003, I asked you whether you had prepared Harco's initial disclosures. You indicated you had not yet prepared the initial disclosures. Please provide the disclosures forthwith. Although we reserve any remedies we may take for the tardiness of the disclosures, please let me know when you expect to deliver them.

Rosemount noticed two depositions; one for Brad Powell, set for December 9, 2003, and one for Jorge Martinez, set for December 8, 2003. We anticipated having responses to Rosemount's First Set of Requests for Documents and First Set of Interrogatories prior to the depositions. However, as your responses to these discovery requests are not due until December 31, 2003, based on our agreement to extend the time to respond, we will revise the dates of those depositions. Additionally, we will coordinate these depositions with Rosemount's Notice of Request to Permit Entry for Inspection.



Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

November 26, 2003
Page 2


      Please review your calendar for the last two weeks of January and the first two weeks of February, and let me know what dates would work for the depositions and the inspection.

                                    Yours very truly,

                                    William D. Schultz

WDS:bes

cc: James Mahanna (via facsimile only)

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact    wschultz@merchant-gould.com
                  612.371.4677

December 3, 2003

**VIA FACSIMILE AND U.S. MAIL**

David Poppick
Epstein, Becker & Green, P.C.
One Landmark Square, 18th Floor
Stamford, CT 06901

Re:   Rosemount v. Harco
      Our Reference: 12971.9USZA

Dear David:

In October of this year, you agreed to review documents from Glenn Beatty, designate the documents for confidentiality and produce them to Rosemount. On November 3, 2003, Mr. Beatty's counsel, Gordon McHaney, sent you the documents. We have not yet received the designated copies.

We granted an extension of time until December 31, 2003, for Harco to respond to Rosemount's First Set of Requests for Documents and First Set of Interrogatories. Please provide the documents from Glenn Beatty by that date.

In a November 26, 2003, letter, we requested that you review your calendar for open dates to take the depositions of Brad Powell and Jorge Martinez and to conduct the inspection of Harco's manufacturing facility. We proposed the last two weeks of January and the first two weeks of February. We have not yet heard from you whether those dates are available. Please inform me when you are available.

We have also not yet received your Initial Disclosures, which are now over two weeks past due. Please let me know when you plan on sending the disclosures.

Yours very truly,

William D. Schultz

WDS:bes



Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

## William D Schultz

**From:** David Poppick [DPoppick@ebglaw.com]
**Sent:** Monday, December 29, 2003 1:54 PM
**To:** wSchultz@merchant-gould.com
**Subject:** Rosemount v. Harco

How many dates do you need for the two depositions you told me you needed?

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please call the Help Desk of Epstein Becker & Green at 212-351-4701 and destroy the original message and all copies.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


EXHIBIT 6 Schultz Dep.

1

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact: wschultz@merchant-gould.com
612.371.4677

January 2, 2004

VIA U.S. MAIL

David Poppick
Epstein, Becker & Green, P.C.
One Landmark Square, 18th Floor
Stamford, CT 06901

Re: Rosemount Aerospace Inc. v. Harco Laboratories, Inc.
Our Reference: 12971.0009USZA

Dear David:

In a November 26, 2003, letter, I asked you to review your availability the last two weeks of January and first two weeks of February for the depositions of Jorge Martinez and Brad Powell. I again asked you to review those dates in a December 3, 2003, letter. You sent me an email on December 29, 2003, requesting how many dates we needed to conduct the depositions, but failed to provide any firm dates regarding your availability.

This afternoon I called once again to determine the dates that will work for you and inform you of additional witnesses. You said you were not available on February 2-4, 2004, because of other depositions. You said you are available on February 9-11, 2004. Enclosed and served upon you via first class mail are the following notices of deposition set for January 21, 2004 and February 9-11, 2004:

1. Notice of Deposition of Jorge Martinez;
2. Notice of Deposition of William DiCicco;
3. Notice of Deposition of Ronald Buchanan;
4. Notice of Deposition of Brad Powell; and
5. Notice of Deposition of John Labaj.

Yours very truly,

William D. Schultz

EXHIBIT 7
Schultz Dep

Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

January 2, 2004
Page 2

WDS: kth
Enclosures