UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSEMOUNT AEROSPACE, INC.,            :

        Plaintiff,            :       Civil Action No. 303CV0444 (AWT)

vs.            :

WEED INSTRUMENT COMPANY, INC., :
and HARCO LABORATORIES, INC.,            :

        Defendants.            :       FEBRUARY 4, 2004

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
REGARDING SUBPOENA DUCES TECUM SERVED ON GLEN BEATTY**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Harco Laboratories, Inc. ("Harco") respectfully moves for entry of a Protective Order regarding the Subpoena Duces Tecum served on non-party Glen Beatty ("Beatty") on February 2, 2004, by Plaintiff Rosemount Aerospace, Inc. ("Rosemount") (Exhibit A): **(a)** limiting the documents requested from Beatty to those concerning the total air temperature ("TAT") sensor, which is the only product that Rosemount has identified with specificity in its First Amended Complaint (Exhibit B) as misappropriated by Harco, its employee Brad Powell ("Powell") and former Weed employees who worked for Harco, including Beatty; **(b)** providing Harco with adequate opportunity to review and object to documents Beatty intends to produce, before production to Rosemount, to avoid unwarranted disclosure of Harco's confidential trade secret information about products that do not relate to the TAT sensor; and **(c)** requiring Plaintiff to comply with the Federal Rules

ST:27734v1

of Civil Procedure's ("FRCP") notice and service requirements for discovery, including serving Harco with discovery requests (subpoenas and notices) made on non-parties immediately upon service of the non-parties and requiring reasonable time for compliance with discovery (unlike the 2 or 3 days provided by the Beatty Subpoena at issue). In addition, Harco seeks sanctions of expenses and attorneys' fees, pursuant to Local Rule and 37(a)(4), against Rosemount and/or its counsel.

In support of its Motion, Harco states as follows:

The First Amended Complaint identifies with specificity only one product – the TAT sensor- regarding alleged misappropriation of trade secrets and proprietary information by Harco, its employee Powell and former Weed employees who worked for Harco, including Beatty. Harco has agreed to discovery concerning the TAT sensor. The overbroad Subpoena Duces Tecum served on former employee, non-party Beatty effectively requests documents concerning unidentified products and technologies that are unrelated to the TAT sensor, circumventing the discovery rules and limitations applicable to Rosemount in this case – limitation on discovery to what it has specified as misappropriated in the First Amended Complaint, the TAT. Improper document requests in the Beatty Subpoena include unlimited requests for all documents, computer files, financial transaction documents, correspondence, communications and phone records relating to all work done for Harco. Document request number 10 makes clear Rosemount's improper intention to obtain confidential trade secret information of Harco unrelated to the TAT sensor, by requesting documents relating to model,

drawings, design, and testing of "any aerospace products of Harco, including but not limited to TAT sensors."

As demonstrated in the accompanying memorandum of law, Rosemount's backdoor approach to obtain this improper discovery that would include Harco's confidential trade secret information is contrary to the courts routinely requiring plaintiffs to identify trade secrets and documents allegedly misappropriated <u>before</u> allowing discovery of a defendant's trade secrets. The Beatty Subpoena should not change Rosemount's burden to specify its charges in this action and instead rely on a claim of relevance that is insufficient to analyze discovery requests in this case.

Further, the Beatty Employee Agreement Relating To Trade Secrets and Non-Competition at issue in this case is not limitless. It does not cover everything under the sun having to do with Harco aerospace products. It provides that the employee agrees to "disclose in writing and assign all ideas, concepts, processes, discoveries, improvements and inventions <u>made by the employee alone or jointly with others in the course of such employment or within one year of termination of such employment which relate to the business of Weed</u>." (Emphasis added.) Also, it provides that, "The confidential information acquired in connection with such employment is to remain confidential . . . so long as such information remains legally protectable as to persons receiving it in a confidential relationship."

The information sought by Rosemount from Beatty does not fall within the parameters of the Employee Agreement. What Rosemount seeks was not made by Beatty alone or with others

in the course of their Weed employment. What Rosemount seeks has nothing to do with what Beatty did at Weed, or even products that relate to Weed's business. Rosemount is not entitled to unfettered discovery that may reveal Harco's confidential trade secret information about products that do not relate to what Beatty made alone or jointly with others at Weed, and do not relate to Weed's business. Rosemount should be limited to what it has specified – the TAT sensor.

Rosemount's backdoor attempt to obtain improper discovery from a non-party is made all the more obvious considering Rosemount's failure to follow the Federal Rules of Civil Procedure regarding service of the Beatty Subpoena Duces Tecum. Rosemount first served Beatty with a Subpoena Duces Tecum, dated January 22, 2004, that called for a production date of February 4, 2004. Harco's counsel learned of Rosemount's Subpoena Duces Tecum served on Beatty shortly before the February 4, 2004 production date set by the Beatty Subpoena.[1] The Beatty Subpoena was signed by an attorney for Rosemount who at the time was not admitted in either the District Court from which the Beatty Subpoena was issued (U.S.D.C. Western District of Texas), or this Court. Thus, pursuant to FRCP 45, he could not have signed/issued the Beatty Subpoena. Moreover, the original Beatty Subpoena was never served on Harco.[2]

---

[1] Harco's counsel obtained an incomplete copy of the original Beatty Subpoena that was missing pages – not from Rosemount. See page one of this incomplete copy attached hereto as Exhibit C.
[2] This is not the only time Harco was not served timely with a Subpoena. Ronald Buchanan was served with a subpoena and document demand weeks ago and it was not served on Harco until February 3, 2004, only after Harco's counsel demanded that Rosemount's counsel comply with FRCP 45.

On February 2, 2004, Harco's counsel in a good faith effort to resolve these issues, , disclosed these problems to Rosemount's counsel by phone. Harco's counsel asked that the improper Beatty Subpoena be withdrawn. Harco's counsel also requested that any properly served Beatty Subpoena for documents be limited to requests relating to the TAT sensor, and explained the basis for such request. Rosemount's counsel did not deny that it did not serve Harco, nor did he deny the Beatty Subpoena attorney signature/issuance problem. Rosemount's counsel agreed to withdraw the Beatty Subpoena.

However, Rosemount's counsel stated it would again issue the Beatty Subpoena, merely changing the attorney signature on it and setting a new production date of three days later, February 5, 2004. Rosemount's counsel disagreed with Harco's request to limit the discovery requests to the TAT sensor. Harco's counsel stated Harco would be forced to move for a protective order and motion to quash if the document requests were not limited to the TAT sensor. Rosemount's counsel then, for the first time, sent Harco by fax at 4:00 p.m. on February 2, 2004 the new Beatty Subpoena with a February 5, 2004 production date, and served it on Beatty by fax and Federal Express on same date (Feb. 2). Harco's counsel and Rosemount's counsel conferred one more time on February 3, 2004, confirming that the parties could not agree on the disputed issue relating to Harco's request to limit the scope of the discovery requests.

Harco's Motion for a Protective Order is necessary and appropriate to prevent both the procedural and substantive discovery abuse described above. It is necessary to prevent

Rosemount from requesting from non-parties like Beatty documents and information to which Rosemount is not entitled based on the First Amended Complaint's specific identification of only one product relating to its misappropriation claims – the TAT sensor. It is also necessary to prevent future failure of Rosemount to properly serve Harco with discovery requests served on non-parties.

Unfortunately, this is the fourth time that the Court's intervention has been required for discovery issues in this case as a result of the unwillingness by Rosemount's Minnesota counsel to resolve discovery issues. Since the position taken by Rosemount's counsel with respect to its discovery requests beyond the TAT sensor, is not warranted under existing law, and it is inexcusable that Harco was not served with the initial Beatty Subpoena Duces Tecum, Harco respectfully requests that the Court consider applying the provisions of Local Rule 37(a)(4) and award expenses and attorneys' fees against Rosemount and/or its Minnesota counsel - whose conduct necessitating this motion was designed to harass Harco, needlessly increase its cost of litigation, and unnecessarily impose upon this Court's time and resources.

Harco has complied with its meet and confer obligations pursuant to FRCP 26 and the Local Rule 37 of this Court, but was unable to resolve the discovery issues with Rosemount's counsel.

For these reasons, Harco's Motion For a Protective Order and Sanctions should be granted. A Memorandum of Law and affidavit in accordance with Local Rule 37(a)(2) accompany this motion.

                                          **EPSTEIN BECKER & GREEN, P.C.**

By _____
Jonathan M. Plissner, Esq. (#ct 23773)
David S. Poppick, Esq. (#ct13202)
Attorneys for Defendants
HARCO LABORATORIES, INC.
and BRAD POWELL
One Landmark Square, 18th Floor
Stamford, CT 06901
(203) 348-3737

                            and

WISE & WISE
Robert B. Wise, Esq.
Attorneys for Defendant
HARCO LABORATORIES, INC.
1100 Summer Street
Stamford, CT 06905
(203) 359-8877