UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSEMOUNT AEROSPACE INC.,        :

            Plaintiff,        :    Civil Action No. 303CV0444(AWT)

        vs.        :

WEED INSTRUMENT COMPANY, INC.,   :
and HARCO LABORATORIES, INC.,    :

           Defendants.       :    FEBRUARY 4, 2004

**DECLARATION IN SUPPORT OF**
**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

JONATHAN M. PLISSNER, ESQ., pursuant to 28 U.S.C., § 1746, declares:

1. I am a member of the Bar of this Court and an associate with Epstein Becker & Green, P.C., attorneys for Defendant Harco Laboratories, Inc. ("Harco"). I submit this declaration in support of Harco's Motion for a Protective Order, pursuant to Federal Rules of Civil Procedure 26(c), and this Court's Local Rule 37(a)(2).

2. I certify that I have conferred with opposing counsel, Joel Bergstrom, Esq. of Merchant & Gould, P.C., attorneys for Plaintiff, Rosemount Aerospace, Inc., regarding the subject of the accompanying Motion for Protective Order in a good faith effort to eliminate or

ST:27745v1

reduce the area of controversy and arrive at a mutually satisfactory resolution. Those attempts have failed, and we have been unable to reach any agreement.

3. Specifically, Rosemount first served non-party Glen Beatty with an Subpoena Duces Tecum dated January 22, 2004, that called for a production date of February 4, 2004. Harco's counsel learned of the Beatty Subpoena Duces Tecum shortly before the February 4, 2004 production date[1]. The Subpoena Duces Tecum appeared to be signed by an attorney for Rosemount who at the time was not admitted in either the District Court from which the subpoena was issued (U.S.D.C. Western District of Texas), or this Court. Thus, it appeared he could not have signed that Subpoena under FRCP Rule 45.

4. Moreover, the Beatty Subpoena Duces Tecum was never served on Harco.

5. In a good faith effort to resolve these issues and avoid discovery dispute motion practice, on February 2, 2004, I disclosed these problems to Rosemount's counsel Joel Bergstrom, Esq., by phone. I requested that on such basis the improper Subpoena Duces Tecum be withdrawn. I also requested that any properly served Subpoena Duces Tecum on Beatty for documents be limited to requests relating to the TAT sensor, and explained the basis for such request.

---

[1] Harco's counsel obtained an incomplete copy of the original Beatty Subpoena that was missing pages – not from Rosemount.

6.  Rosemount's counsel did not deny that it did not serve Harco, nor did he deny the Subpoena Duces Tecum attorney signature/issuance problem. Rosemount's counsel agreed to withdraw the Beatty Subpoena Duces Tecum.

7.  However, Rosemount's counsel stated Rosemount would again issue the Beatty Subpoena Duces Tecum, merely changing the attorney signature on it and setting a new production date of February 5, 2004. Rosemount's counsel disagreed with my request to limit the discovery requests to the TAT sensor. I again informed Rosemount's counsel that Harco would be forced to move for a protective order and motion to quash if the document requests to Beatty were not limited to the TAT sensor.

8.  Rosemount's counsel then for the first time sent Harco's counsel by fax at 4:00 p.m. on February 2, 2004 the new Beatty Subpoena Duces Tecum with the February 5, 2004 production date, and served it on Beatty by fax and Federal Express on same date (Feb. 2).

9.      I conferred with Rosemount's counsel one more time on February 3, 2004, in an attempt to resolve the discovery dispute relating to the Beatty Subpoena, but the parties maintained their positions asserted the day before regarding Harco's request to limit the scope of the discovery requests to the TAT sensor.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 4, 2004

                                        **EPSTEIN BECKER & GREEN, P.C.**

                                        By _____
                                            Jonathan M. Plissner, Esq. (#23773)
                                            Attorneys for Defendant
                                            HARCO LABORATORIES, INC.
                                            One Landmark Square, 18th Floor
                                            Stamford, CT  06901
                                            (203) 348-3737

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent, via Regular Mail, this 4th day of February 2004, to:

Daniel W. McDonald Esq. (ct23281)
William D. Schultz, Esq.(ct25198)
Merchant & Gould PC
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081


James Mahanna, Esq. (ct24681)
Day, Berry & Howard LLP
CityPlace 1
Hartford, CT  06103-3499
Telephone:  (860) 275-0100
Facsimile:  (860) 275-0343

_____
Jonathan M. Plissner