UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSEMOUNT AEROSPACE, INC., | : | |
| Plaintiff, | : | Civil Action No. 303CV0444 (AWT) |
| vs. | : | |
| WEED INSTRUMENT COMPANY, INC., and HARCO LABORATORIES, INC., | : | |
| Defendants. | : | AUGUST 12, 2004 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER**

**INTRODUCTION**

Defendants Harco Laboratories, Inc. ("Harco") and Brad Powell ("Powell") submit this Memorandum of Law in support of their Motion for a Protective Order, pursuant to Federal Rules of Civil Procedure 26, 30 and 37, against Plaintiff Rosemount Aerospace, Inc. ("Rosemount"). The underlying facts are set forth in the accompanying Motion for Protective Order, and, for brevity, they are not repeated here. The Defendants' Motion should be granted for the reasons set forth below.

**ARGUMENT**

**A.  The Defendants Are Entitled To The 30(b)(6)
     Deposition Of Rosemount**

Courts may increase the limit of 10 depositions that each party may conduct when there is good cause for their need, consistent with the principles of Fed. R. Civ. Pro. 26(b)(2). Rule 26(b)(2) provides that depositions will be limited if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

The timing and inadequacies of Rosemount's production of documents denied Defendants the opportunity to question Rosemount's witnesses at earlier depositions about the six documents at issue, or to even anticipate that the discovery would be necessary when the revised scheduling order was signed. Defendants did not have any knowledge about the documents or an opportunity to conduct discovery about what is contained in the documents at prior depositions. For that reason, the discovery sought is not cumulative or duplicative. The documents are material and relevant to Rosemount's claims, as well as the Defendants' defenses, for the reasons demonstrated in the Defendants' accompanying Motion that need not be repeated here, and they are important to resolving the issues and defenses at stake in this case. In addition, Defendants have examined more than 30,000 pages of documents disclosed by Rosemount. In that context, depositions concerning the six documents at issue are clearly limited and will not be unduly burdensome. Defendants anticipate that the deposition could be completed within two days, depending upon the number of witnesses that Rosemount intends to produce.

The circumstances here are analogous to those in *Dixon v. Certainteed Corp.*, 164 F.R.D. 685 (D. Kan 1996), where the court granted plaintiff leave to depose the defendant a second time and extended the limit on the number of witness depositions, because the inadequacy of the initial disclosures by defendant caused the need for the additional deposition. The court also

ruled that sanctions were appropriate under Rule 37(c)(1), because the defendant had no substantial justification for the inadequacies of disclosure. The sanction proposed by the court was for the defendant to bear the expense of the deposition.

Those same rules should apply here. The documents that are the subject of the 30(b)(6) deposition relate to the claims and issues at the heart of Rosemount's complaint and the Defendants' defenses. They should have been produced at the outset of discovery, not after the deposition of Rosemount's witnesses. Rosemount's document production tactics already have caused Defense counsel to incur the time and expense of three trips to Minnesota to review documents. Rosemount should be required to bear the expense of the 30(b)(6) deposition, including travel costs by Defense counsel to Minnesota, or Rosemount should be required to produce its witness(es) in Connecticut for the deposition, and bear the expense of the deposition. Also, Rosemount should be required to bear the travel expenses of Defense counsel to Minnesota when they went the third time to examine multiple boxes produced for inspection.

### B. The Defendants Are Entitled To The Deposition Of James Rashid And Production Of The Fax Cover Sheet

An attorney may be examined just as any other witness regarding relevant, non-privileged information where, for example, the attorney was an "actor or viewer" concerning a central factual issue; the attorney was involved in pre-litigation events that relate to issues raised in the litigation; or the attorney's conduct is a basis of a claim or defense. There is no general prohibition against the deposition of adverse counsel, particularly where it involves the corporate counsel of a party and not trial counsel. *See, e.g.*, *United States Fidelity & Guarantee Co. v. Braspetro Oil Services Co.*, Nos. 97 Civ. 6124, 98 Civ. 3099, 2000 WL 1253262, at *2 (S.D.N.Y. September 1, 2000); *Chase Manhattan Bank, N.A. v. T&N PLC*, 156 F.R.D. 82 (S.D.N.Y. 1994); *Bogan v. Northwestern Mutual Life Ins. Co.*, 152 F.R.D. 9 (S.D.N.Y. 1993);

*Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348 (D.N.J. 1990).

The Second Circuit adopts a flexible approach to lawyer depositions, taking into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. In *In re: Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003), the Court ruled that considerations may include the need to depose the lawyer; the lawyer's role in connection with the matter on which discovery is sought in relation to the pending litigation; the risk of encountering privileged and work product issues; and the extent of discovery already conducted.

Here, the anonymous note concerns a central issue giving rise to this suit. Rashid is Rosemount's in-house corporate counsel, not trial counsel. Therefore, there is no harm to Rosemount's representational rights of its trial attorney. He had some role or participation in connection with the matter in which discovery is sought because he received the anonymous package. There is a need to depose him, because he was an "actor or viewer" about what Rosemount did concerning the anonymous package, as well as what he did about it, and those facts relate to the claims and defenses of this action. Also, this Court addressed the subjects of attorney-client privilege and the work product doctrine in *Loftis v. Amica Mutual Insurance Company*, 175 F.R.D. 5 (D. Conn. 1997). It acknowledged that the federal courts of the Second Circuit apply the privilege narrowly to hold that an attorney's communications with the client are not privileged unless they reveal client confidences. The party invoking the privilege has the burden of establishing that it applies. Here, the questions to be asked Rashid will not involve privileged communications. Besides, if there is transgression into privileged areas, objections can be raised during the deposition that can be ruled on, if necessary.

Larry Halsne, the Rosemount employee who first received the anonymous note and package from Rosemount, Inc., testified that he did not recall what Rosemount did with the document. For now, there does not appear to be another source of that information other than Rashid and Rosemount's trial counsel, Daniel McDonald, who also apparently received the anonymous package when Rashid did. The need to depose Mr. McDonald may be obviated by Rashid's deposition.

The Defendants also request that Rosemount produce a copy of the fax cover sheet that accompanied the anonymous package, without the redactions made by Rosemount's attorneys. The fax cover sheet was specifically requested in Harco's Third Request for Production of Documents, Request No. 23:

> All documents relating to the "Anonymous package" Rosemount purportedly received in or about June 2000 concerning Brad Powell and Jorge Martinez, including, but not limited to, the envelope and/or package, the original contents, facsimile cover sheet or anything else related to it whatsoever.

Rosemount responded to that request on April 21, 2004, by referring to documents produced in response to Harco's First and Second Requests for Documents and documents produced in the Trademark Litigation. The fax cover sheet was withheld from production and not identified.

On May 4, 2004, Rosemount's Vice President, John Ginn, testified about the anonymous package and said, in substance, that there probably was a fax cover sheet that accompanied it. Defendants' counsel persisted with the request for production of that document. By letter dated May 18, 2004, Rosemount's attorney finally produced the fax cover sheet with redactions and stated:

> That cover sheet was between Rosemount Aerospace and counsel, and is neither responsive to any requests nor relevant. Moreover, it is arguably subject to attorney-client privilege and work product immunity. Nonetheless, we are producing a redacted version of the cover page, which indicates the faxing information but deletes handwritten notes to or from counsel.

The fax cover sheet was not identified by Rosemount on any privilege log, as required under Fed. R. Civ. Pro. 26(b)(5). Courts routinely rule that failure to provide a privilege log results in a waiver of the privilege that might otherwise be asserted. *See*, *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, No. 02 Civ. 0504, 2003 WL 22110281 (S.D.N.Y. Sept. 10, 2003); *Bruker v. City of New York*, No. 93 Civ. 3848, 2002 WL 484843 (S.D.N.Y. Mar. 29, 2002); *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97 Civ. 4978, 2000 WL 1538003 (S.D.N.Y. Oct. 17, 2000); *Hurst v. F.W. Woolworth Co.*, No. 95 Civ. 6584, 1997 WL 61051 (S.D.N.Y. Feb. 11, 1997). Rule 26(b)(5) sets forth the requirements for withholding information based on privilege or trial preparation material. Courts interpret that to include identification of each person who has been given access to or a copy of the document and the date when such access or copy was provided, among other things. *See Goodyear Tire & Rubber Co.*, 2003 WL 22110281, at *3. Rosemount has not done so.

Moreover, Rosemount's contentions that the fax cover sheet was between Rosemount and counsel and that it was not responsive to any requests or relevant are simply false. It was originally a fax between an employee at Rosemount, Inc. and an employee at Rosemount Aerospace, not counsel. Also, the fax cover sheet was explicitly requested in Harco's Third Request for Production, and it is plainly relevant. The gamesmanship by Rosemount with respect to the fax cover sheet should not be countenanced by the Court. A finding of waiver of the privilege is appropriate, and the document should be produced without the redactions.

In the alternative, Defendants request an *in camera* review of the document in order for the Court to determine whether the document should be produced without redactions, or whether it is subject to the attorney-client privilege. *See*, *Loftis*, 175 F.R.D. 5.

Sanctions are warranted, pursuant to Fed. R. Civ. Pro. 37(c), as a result of Rosemount's improper discovery tactics and imposing upon Defendants the need to make this motion.

## CONCLUSION

The Defendants' Motion for Protective Order should be granted for all the foregoing reasons.

Dated: August 12, 2004

                          **EPSTEIN BECKER & GREEN, P.C.**

By _____
    David S. Poppick, Esq. (#ct13202)
    Attorneys for Defendants
    HARCO LABORATORIES, INC.
    and BRAD POWELL
    One Landmark Square, 18th Floor
    Stamford, CT  06901
    (203) 348-3737

              and

    Robert B. Wise, Esq.
    WISE & WISE
    Attorneys for Defendant
    HARCO LABORATORIES, INC.
    1100 Summer Street
    Stamford, CT  06905
    (203) 359-8877

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent, via Regular mail, this 12th day of August, 2004 to:

Daniel W. McDonald, Esq. (ct23281)
William D. Schultz, Esq.(ct25198)
Joel E. Bergstrom, Esq.
Merchant & Gould PC
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Telephone:  (612) 332-5300
Facsimile:  (612) 332-9081

James Mahanna, Esq. (ct24681)
Day, Berry & Howard LLP
CityPlace 1
Hartford, CT  06103-3499
Telephone:  (860) 275-0100
Facsimile:  (860) 275-0343

_____
David S. Poppick